IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM JOSEPHS | * |
| Plaintiff, | * |
| v. | *  Civil Case No.: SAG-25-01477 |
| AMENTUM SERVICES INC., *et al.* | * |
| Defendants. | * |

* * * * * * * * * *

## MEMORANDUM OPINION

On November 19, 2025, this Court entered a memorandum opinion and order denying in part the motion filed by Defendants Amentum Services, Inc. and URS Federal Services International, Inc. (collectively, "Defendants") to dismiss Plaintiff-Relator Adam Josephs's ("Plaintiff's") Amended Complaint. ECF 90, 91. Defendants have now filed a motion to certify that order for immediate interlocutory appeal. ECF 93. Plaintiff has opposed the motion, ECF 97, and Defendants have filed a reply, ECF 99.[1] This Court has reviewed all of these filings and has determined that no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' motion will be denied.

I. **LEGAL STANDARD**

A district court may exercise its discretion to certify an order for interlocutory appeal when (1) the order involves "a controlling question of law," (2) there exists "substantial ground for

---

[1] Additionally, Plaintiff filed a motion to compel Defendants to participate in a conference pursuant to Federal Rule of Civil Procedure 26(f). ECF 96. This Court will deny that motion as moot because a scheduling order will issue along with this opinion and accompanying order, allowing discovery to commence.

difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Interlocutory appeal is an "extraordinary remedy." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *2 (4th Cir. 1989) (unpublished table decision). It should be granted only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). Courts should grant interlocutory appeal "sparingly" and must strictly construe the requirements of § 1292(b). *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). And even if each requirement in § 1292(b) is satisfied, the district court retains discretion to decline to certify an interlocutory appeal. *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013).

## II. DISCUSSION

Plaintiff filed this action pursuant to the False Claims Act ("FCA"). ECF 63. Defendants now seek to certify two questions relating to the FCA for interlocutory appeal.

In this Court's memorandum opinion, ECF 90, it concluded that Plaintiff had adequately pled falsity, one of the elements of his FCA claims, through an implied false certification theory. *Id.* at 14–15. This Court reasoned that in articulating a standard for pleading implied false certification, the Supreme Court in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 188, 190 (2016), explicitly left unresolved whether other standards for doing so, including one previously articulated by the Fourth Circuit, remained viable. This Court also noted that, since that decision, the Fourth Circuit had suggested that to the extent that the *Escobar* Court had left that question unresolved, the Fourth Circuit had already concluded that its previously articulated standard sufficed. *See United States ex rel. Badr v. Triple Canopy, Inc.*, 857 F.3d 174,

178 n.3 (4th Cir. 2017). Defendants seek to certify for interlocutory appeal whether the *Escobar* standard constitutes the only, or at least the lowest, means to plead implied false certification.

This Court's memorandum opinion also rejected a challenge to the constitutionality of the FCA's *qui tam* provisions. ECF 90 at 28, 30. Defendants seek to certify whether those provisions violate Article II of the Constitution.

This Court will now address whether either question satisfies each element of § 1292(b).

A. **Controlling Question of Law**

A controlling question of law involves a pure legal issue whose resolution does not require factual determinations. *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017). In describing the "controlling question of law" requirement, the Fourth Circuit has also noted that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 873 F.2d at *5.

Whether the *Escobar* standard constitutes the only way to plead implied false certification is a pure question of law involving no factual determinations. As this Court determined in its memorandum opinion, whether Plaintiff adequately pled falsity, and therefore his FCA claims, turns on this question. ECF 90 at 13. If the Fourth Circuit were to reverse, then this question would be controlling in the sense that Plaintiff's claims would fail. The question is not controlling, however, in the sense that if the Fourth Circuit were to affirm this Court's decision, the litigation would continue unchanged. Thus, this question is not of the kind "best adapted" to interlocutory appeal because its resolution would not "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."

The constitutionality of the FCA's *qui tam* provisions is also a purely legal question, and the impact of its resolution would similarly turn on the substance of that resolution. If the Fourth Circuit were to conclude that the provisions are unconstitutional, Plaintiff's claims could not proceed, but if the Fourth Circuit were to affirm this Court's ruling, the claims could proceed. Thus, it appears that this question is similarly not of the kind "best adapted" to interlocutory appeal.

## B. Substantial Ground for Difference of Opinion

Turning to the second requirement, substantial ground for difference of opinion will often exist when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Neither lack of unanimity among courts nor lack of relevant authority, however, suffice to show substantial ground for difference of opinion. *Id.*

Regarding the implied false certification question, this Court notes that although the Fourth Circuit has not squarely addressed this question, it has "spoken on the point" and indicated that it would likely resolve the issue consistently with how this Court resolved it. *See Triple Canopy*, 857 F.3d at 178 n.3. This Court acknowledges that many courts have dismissed claims for failure to satisfy the *Escobar* standard, contrary to this Court's determination. As described in more detail in this Court's memorandum opinion, however, those courts have generally done so without any analysis as to whether the *Escobar* standard constitutes the only way to plead implied false certification. *See* ECF 90 at 13–14. Indeed, the only cases identified by Defendants that addressed whether relators could plead implied false certification in other ways have indicated that *Escobar* left open that possibility. *See United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1018 (9th Cir. 2018) (stating that were it examining *Escobar* as a matter of first impression, it likely would

4

not conclude that the *Escobar* standard constitutes the only way to plead implied false certification); *United States ex rel. Jackson v. DePaul Health Sys.*, 454 F. Supp. 3d 481, 500 (E.D. Pa. 2020) (stating that the Supreme Court "left open the question" of whether the *Escobar* standard constitutes the only way to plead implied false certification). Thus, it is not clear that substantial ground for difference of opinion exists.[2]

Regarding the question of the FCA's constitutionality, the parties agree that the Fourth Circuit has not addressed it. Although a growing number of voices have expressed skepticism of the FCA's *qui tam* provisions, those voices remain, at this point, confined to concurring or dissenting opinions or the rulings of a single district judge. *See* ECF 90 at 25. In contrast, every other district court and court of appeals to have addressed the issue has upheld the constitutionality of the *qui tam* provisions. *See id.* Thus, it is not clear to this Court that substantial ground for difference of opinion exists as to this question either.

### C. Material Advancement

The final element requires that interlocutory appeal "may materially advance the ultimate termination of the litigation." Plaintiff points to an unpublished district court opinion concluding that a question will satisfy this element only if its resolution will materially advance termination of the litigation regardless of the substance of that resolution. *See Donlen Trust v. Wayne Servs. Legacy, Inc.*, Civ. No. 3:20cv092 (DJN), 2020 WL 1550579, at *8 (E.D. Va. Apr. 1, 2020). As Defendants persuasively counter, however, § 1292(b) requires only that interlocutory appeal

---

[2] Nor is this Court persuaded by Defendants' new argument that even if the *Escobar* standard does not constitute the only means by which a relator may plead implied false certification, it constitutes the lowest means. In explicitly leaving unresolved whether other means would suffice, the *Escobar* Court referenced a *lower* standard. *See Escobar*, 579 U.S. at 188 ("We need not resolve whether all claims for payment implicitly represent that the billing party is legally entitled to payment.").

5

"may" materially advance termination of the litigation. Particularly in light of the fact that the same subsection uses the mandatory "shall" in other places, the text makes clear that interlocutory appeal need not *necessarily* materially advance the termination of the litigation.

Resolution of each question on interlocutory appeal "may materially advance the ultimate termination of the litigation." As discussed above, reversal by the Fourth Circuit on either question would defeat Plaintiff's claims. Both questions therefore satisfy this requirement.

### D. Exercise of Discretion

Although this Court has concluded that both questions satisfy the third element, it is less clear whether either question meets the first or second elements for interlocutory appeal. Even assuming that each of these elements were satisfied, however, this Court would not exercise its discretion to permit an interlocutory appeal. This Court discerns nothing exceptional about the circumstances here that would warrant the "extraordinary remedy" of interlocutory appeal. Although there exists the chance that an appellate decision following final judgment in this case may prove that the case could have been resolved much sooner, this Court is "confident enough" in its rulings on these questions to believe that moving this case to discovery is the more expeditious choice at this juncture. *See United States ex rel. Fitzer v. Allergan, Inc.*, Civ. No. 1:17-cv-00668-SAG, 2022 WL 9974736, at *3 (D. Md. Oct. 17, 2022) (declining to exercise discretion to permit interlocutory appeal).

## III. CONCLUSION

For the reasons stated above, this Court will deny as moot Plaintiff's motion to compel participation in a Rule 26(f) conference, ECF 96, and will deny Defendants' motion for interlocutory appeal certification, ECF 93. A separate Order follows.

Dated: January 23, 2026                                    /s/
                                                                     Stephanie A. Gallagher
                                                                     United States District Judge