**OBERHEIDEN**
LITIGATION | COMPLIANCE | DEFENSE

**ATTORNEYS**

**DR. NICK OBERHEIDEN**
New York, Washington D.C.

**LYNETTE S. BYRD**
Texas

**P. COVARRUBIAS MEYER**
Texas

**ELLEN COMLEY**
Texas, Missouri

**NICHOLAS JOHNSON**
Alaska, California, Montana

**HON. BRIAN KUESTER**
Oklahoma

**MICHAEL LEON**
New York

**LINDA J. MCNAMARA**
Florida

**MICHELE RATCLIFFE**
Texas

**JOHN W. SELLERS**
Maryland

**SHREY SHARMA**
New York, Washington D.C.

**PAUL STRICKLAND**
California, Idaho, Washington

**ALINA VENEZIANO**
Arizona, Nevada, New York, Utah

**OF COUNSEL**

**HON. MIKE R. POMPEO**
Washington D.C.

**HON. TREY GOWDY**
South Carolina

**CONSULTANT**

**HON. KEVIN MCCARTHY**

**LOCAL COUNSEL**

**HON. S.A. MARSHALL**
Oregon

**COREY STEINBERG**
Florida

**RICHARD T. SIMMONS**
Louisiana

**DAVID RABEN**
Florida

**ERICK CRUZ**
Florida

**MICHAEL A. RATAJ**
Michigan

**BILL TUNKEY**
Florida

**KAMILLE DEAN**
Utah, Arizona., California., Colorado, Minnesota

**JOSEPH NASCIMENTO**
Florida

OBERHEIDEN, PC
13155 NOEL ROAD, SUITE 900
DALLAS, TEXAS 75240
WWW.FEDERAL-LAWYER.COM

March 2, 2026

The Honorable Stephanie A. Gallagher, District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201
Tel.: (410) 962-7780

      Re:    *Josephs v. Amentum Services, Inc., et al.*
               Civ. No. 1:25-cv-01477 (D. Maryland):
               Non-Party TD Supply Specialists LLC's Pre-Motion
               <u>Letter Requesting Leave to Move to Quash Subpoena</u>

Dear Hon. Stephanie A. Gallagher:

Non-party TD Supply Specialists LLC ("TD Supply") respectfully submits this pre-motion letter seeking leave to move to quash the subpoena served by Plaintiff-Relator on February 17, 2026 (the "Subpoena"), pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure ("FRCP") in the above-referenced action. A true and correct copy of the Subpoena is annexed hereto as Exhibit "A."

The Subpoena is procedurally defective on its face by failing to provide a place for compliance, violates Rule 45(c)'s mandatory geographic limitations, and seeks sweeping discovery from TD Supply concerning claims that have already been dismissed by this Court. Moreover, most, if not all, of the requests seek documents that are not within TD Supply's possession, custody, or control, or are irrelevant because of TD Supply's dismissal from this action

I.     <u>The Subpoena Is Procedurally Defective</u>

Rule 45(a)(1)(A)(iii) requires that a subpoena "command each person to whom it is directed to … produce designated documents … at a specified time and place." The Subpoena fails to designate a valid place of compliance. Although it lists a date and time, it does not identify a proper physical location within the meaning of Rule 45(c). Courts routinely quash subpoenas that fail to designate a place of compliance as required by the Rule. *See, e.g., Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (quashing subpoena for failure to comply with Rule 45's procedural requirements); *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 814 (D. Md. 2020) (recognizing strict compliance is required under Rule 45). Rule 45's mandatory requirements warrant that the Subpoena is defective on its face and should be quashed on this basis alone.

II.    <u>The Subpoena Violates Rule 45(c)'s Mandatory Geographic Limitations</u>

Rule 45(c)(2)(A) provides that a subpoena may command production of documents only "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." These geographic limitations are mandatory, and Rule 45(d)(3)(A)(ii) provides that a court "must quash or modify" a subpoena that requires compliance beyond those limits.

Courts consistently enforce these limits strictly. See *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d at 813–14 (quashing subpoena that exceeded Rule 45(c)'s territorial limits); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) (emphasizing mandatory nature of Rule 45(c)).

Here, the Subpoena does not designate a proper place of compliance within 100 miles of TD Supply's residence or regular place of business and therefore fails to comply with Rule 45(c). TD Supply was founded and maintains its principal place of business in Neenah, Wisconsin. This is well-over 100 miles from the issuing Court in Maryland. Accordingly, pursuant to Rule 45(d)(3)(A)(ii), quashing the Subpoena is mandatory.

III.    The Subpoena Seeks Discovery Concerning Dismissed Claims and Is Irrelevant

TD Supply has been dismissed from this action. Notwithstanding that dismissal, the Subpoena seeks expansive categories of documents concerning TD Supply's subcontracts, communications, internal structure, financial transactions, compliance certifications, and alleged practices referenced in the Complaint.

Discovery under Rule 45 is subject to the scope limitations of Rule 26(b)(1), including relevance and proportionality. See *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019) (Rule 45 subpoenas are subject to Rule 26's relevance and proportionality requirements). As here, the Subpoena seeks information unrelated to any remaining claim or defense upon TD supply and imposes an undue burden and must be quashed. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003).

The sweeping requests directed to TD Supply's business practices, subcontracts, communications, and financial transactions are no longer relevant. The Subpoena therefore exceeds the permissible scope of discovery.

IV.    The Subpoena Imposes Undue Burden on a Non-Party
        and Seeks Documents Not in TD Supply's Possession

Rule 45(d)(1) imposes an affirmative duty on the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court "must enforce this duty." FRCP Rule 45(d)(1).

Courts balance the undue burden upon a non-party having to respond to a subpoena. See *Jordan*, 921 F.3d at 189 (noting non-party status is a significant factor in undue burden analysis). The Subpoena contains twelve expansive requests over a six-year period and broadly seeks "all documents and communications" concerning numerous defined terms. Compliance would require extensive collection, review, and privilege analysis at a significant cost to a non-party that is no longer involved in this litigation.

Further, many requests seek documents that are not within TD Supply's possession, custody, or control, such as materials maintained by Amentum or third parties. A subpoena cannot compel production of documents beyond TD Supply's control. See *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998).

For the foregoing reasons, TD Supply respectfully requests leave to file a motion to quash the February 17, 2026 Subpoena in its entirety. TD Supply remains willing to meet and confer in good faith to determine whether this dispute may be narrowed or resolved without motion practice.

Respectfully submitted,

By: /s/ Michael A. Leon
    Michael A. Leon
