## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMENTUM SERVICES, INC. *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

**NOTICE OF SUBPOENA**

**TO COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff will serve the subpoena attached hereto on TD Supply Specialists, LLC.

Dated:  February 17, 2026          **LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:    */s/ Max Rodriguez*
            Max E. Rodriguez (admitted pro hac vice)
            Bianca Beam (Bar ID 31709)
            (signed by Max Rodriguez with permission of
            Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:    */s/ Raphael Janove*
            Raphael Janove (Bar ID 31824)

1

(signed by Max Rodriguez with permission of
Raphael Janove)

500 7th Avenue, 8th Floor
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law


*Attorneys for Plaintiff-Relator Adam Josephs*

**LAW OFFICE OF**

**MAX RODRIGUEZ**

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

February 17, 2026

**VIA EMAIL**

Lynette Byrd
Linda McNamara
Oberheiden, P.C.
30 Wall Street
8th Floor
New York, NY 10005
lsb@federal-lawyer.com
linda@federal-lawyer.com

Re:    *Subpoena in Josephs v. Amentum Services, Inc.,* No. 1:25-cv-01477 (D. Maryland)

Dear Lynette Byrd,

Pursuant to your agreement to accept service, please find enclosed a subpoena issued on behalf of Plaintiff and served upon TD Supply Specialists LLC, c/o Lynette Byrd and Linda McNamara, pursuant to Fed. R. Civ. P. 45.

Sincerely,

*/s/ Max Rodriguez*
Max Rodriguez

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| U.S. ex rel. ADAM JOSEPHS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:25-cv-01477-SAG |
| AMENTUM SERVICES, INC. et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      TD Supply Specialists LLC, c/o Lynette Byrd and Linda McNamara, lsb@federal-lawyer.com, linda@federal-lawyer.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Max Rodriguez, Law Office of Max Rodriguez PLLC, max@maxrodriguez.law | Date and Time:  03/17/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Max Rodriguez |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
TD Supply Specialists LLC _____ , who issues or requests this subpoena, are:

Max Rodriguez, Law Office of Max Rodriguez PLLC, 575 5th Avenue, 14th Floor, New York, NY 10017, max@maxrodriguez.law, (646)741-5167

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-01477-SAG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMENTUM SERVICES, INC. *et al.*,<br><br>                    Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

**ATTACHMENT A TO SUBPOENA**

**DEFINITIONS AND INSTRUCTIONS**

1.    The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and 45 are hereby incorporated and shall apply to Plaintiff's Subpoena to Produce Documents, Information, or Objects Directed to TD Supply Specialists LLC ("TD Supply Specialists"). These definitions shall apply throughout Attachment A without regard to capitalization.

2.    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.    Identify (with respect to persons). When referring to a person, "to identify" means

1

to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subgraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

6. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constructing.

9. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

10. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses

that might otherwise be construed to be outside of its scope.

11.  Number. The use of the singular form of any word includes the plural and vice versa.

12.  The term "You" or "Yours" refers to the party to whom these requests are addressed, including TD Supply Specialists, and each of its agents, officials, officers, employees, or any other person acting or authorized to act on its behalf.

13.  The term "Amentum" means Amentum Services, Inc. and any predecessors, successors, corporate parent(s), controlling entity, subsidiaries, affiliates, and each of their agents, officials, officers, employees, or any other person acting or authorized to act on its behalf.

14.  The term "Defendant" means Amentum Services, Inc. and any predecessors, successors, corporate parent(s), controlling entity, subsidiaries, affiliates, and each of their agents, officials, officers, employees, or any other person acting or authorized to act on its behalf.

15.  AFCAP V: The term "AFCAP V" refers to the Air Force Contract Augmentation Program V.

16.  Relator: The term "Relator" refers to Adam Josephs.

17.  Suppliest: The term "Suppliest" refers to Suppliest Co. LLC.

18.  Complaint: The term "Complaint" refers to the First Amended Complaint filed on June 26, 2025.

19.  Bid/Quote/Proposal: The term "Bid," "Quote," or "Proposal" includes any offer, estimate, pricing sheet, or submission for the provision of goods or services to the United States or Prime Contractor.

3

20. Contract: The term "Contract" means any agreement, arrangement, or mutual understanding between two or more parties—whether oral or written, formal or informal, express or implied—that creates legally enforceable obligations.

21. Prime Contract: The term "Prime Contract" means a contract or contractual action entered into by the United States for the purpose of obtaining supplies, materials, equipment, or services of any kind. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

22. Prime Contractor: The term "Prime Contractor" means a contractor who entered into a Prime Contract.

23. Subcontract: The term "Subcontract" means any contract entered into by a Subcontractor to furnish supplies or services for performance of a Prime Contract or a Subcontract. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

24. Subcontractor: The term "Subcontractor" means a contractor who entered into a Subcontract.

25. Subcontract Documents: The term "Subcontract Documents" means all Bids, Quotes, Proposals, Contracts, Purchase Orders, Delivery Orders and Task Orders including any drafts or Modifications relevant to the Subcontract.

26. Task Order: The term "Task Order" means a Contract for services that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and that provides for the issuance of orders for the performance of tasks during the period of the Contract.

27. Delivery Order: The term "Delivery Order" means a Contract for supplies that

4

does not procure or specify a firm quantity of supplies (other than a minimum or maximum quantity) and that provides for the issuance of orders for the delivery of supplies during the period of the Contract.

28. Purchase Order: The term "Purchase Order" means an offer to buy supplies or services.

29. Modification: The term "Modification" means any changes to the Contract, Prime Contract, Subcontract, Task Order, Delivery Order or Purchase Order.

30. Independent Price Certification: The term "Independent Price Certification" refers to a term provided in Section 1 of Part II –Amentum Standard Terms in Amentum's Purchase Order Terms and Conditions – Commercial Items which states "[Subcontractor] certifies that the price(s) proposed have been arrived at independently, without consultation, communication, or agreement with any others for the purpose of restricting competition, and that [Subcontractor] has not and will not knowingly disclose the price(s), directly or indirectly, to any third party."

31. Unless otherwise stated, the relevant time period for these Requests is six years prior to the submission of the original complaint on May 2, 2023 through to the present.

32. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

33. If you withhold under a claim of privilege any information covered by these Requests, you shall furnish a list identifying each document or communication for which privilege is claimed, together with the following information:

   (a)    the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

   (b)    the type of document;

5

(c) the subject matter of the document;

(d) the date of the document;

(e) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and the recipients to each other; and

(f) the present custodian of the document.

34. Form of ESI Production: All electronically stored information shall be produced in a format mutually agreed upon by the parties or ordered by the Court.

35. The grounds for any objection to these Requests must be stated with specificity and any objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

36. The following Requests are of a continuing nature so that if, after responding, additional and new information becomes available to you prior to the completion of the trial of this suit and such information would alter, amplify, amend, or complete a previously made response then you are required to produce additional documents to counsel as soon as practicable after discovery of any such new information in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR DOCUMENTS

1. All Documents and Communications Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002, including any task orders, modifications, or amendments related thereto.

2. All Documents and Communications Concerning Suppliest or Relator.

3. All Documents and Communications concerning your subcontracts with Amentum for commercial items or services pursuant to Amentum's prime contracts with

6

the United States.

4.    All Documents and Communications Concerning any requirement, pattern, or practice by Amentum of having, expecting, or requiring at least two quotes or bids from potential Subcontractors when awarding a Subcontract as a Prime Contractor.

5.    All Documents and Communications Concerning compliance with legal, regulatory, or contractual requirements Concerning anti-competitive conduct as described in the Complaint.

6.    All Communications between TD Supply Specialists and Amentum Concerning any quotes or bids Concerning any Contract or Subcontract with the United States government or Concerning the Independent Price Certification.

7.    All Documents and Communications sufficient to show the organizational structure of TD Supply Specialists.

8.    All Documents sufficient to show all payments, money transfers, compensation, and exchanges of funds between TD Supply Specialists and Amentum for commercial items or services provided as a subcontractor pursuant to Amentum's prime contracts with the United States.

9.    All Documents and Communications concerning TD Supply Specialists' use of third parties (i.e., parties other than TD Supply Specialists, Amentum, or the United States) to fulfill subcontracts for commercial items or services provided pursuant to Amentum's prime contracts with the United States.

10.  All Documents sufficient to show the cost of TD Supply Specialists' use of third parties (i.e., parties other than TD Supply Specialists, Amentum, or the United States) to fulfill subcontracts for commercial items or services provided pursuant to Amentum's

prime contracts with the United States.

11.  All Documents and Communications concerning certifications, representations of legal, regulatory, or contractual compliance, or other representations made to the United States related to TD Supply Specialists' subcontracts for commercial items or services provided pursuant to Amentum's prime contracts with the United States.

12.  All Documents that otherwise support Your defenses in this action or that You may use at trial in this action.


Dated:  February 17, 2026          **LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:    */s/ Max Rodriguez*
     Max E. Rodriguez (admitted pro hac vice)
     Bianca Beam (Bar ID 31709)
     (signed by Max Rodriguez with permission of
     Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:    */s/ Raphael Janove*
     Raphael Janove (Bar ID 31824)
     (signed by Max Rodriguez with permission of
     Raphael Janove)

500 7th Avenue, 8th Floor
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law

*Attorneys for Plaintiff-Relator Adam Josephs*

8