# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Adam JOSEPHS,

    Plaintiff,

  v.

AMENTUM SERVICES, INC., et al.,

    Defendants.

Civil Action No.: 1:25-cv-01477-SAG

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

1.      Designation of Discovery Materials. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a)      The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information which is in fact confidential.  One who provides material may designate it as "ATTORNEY'S EYES ONLY" only when such person in good faith believes that the material contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information, the disclosure of which beyond the confines of this

1

Order would create a risk of harm that cannot be avoided by a less restrictive designation. A party shall not routinely designate material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)      Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

(c)      Information or documents designated as confidential under this Order shall not be used or disclosed by counsel for the parties or any persons identified in subparagraphs (d) and (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)      Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such

2

employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made to a party or employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e)    Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making

3

photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iii)    Disclosure may be made to experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(f)    Except as provided in subparagraphs (d) and (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the corresponding label of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" if that label does not already appear.

2.    <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

4

3.       Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.       Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.       Destruction of Confidential Material at Conclusion of Litigation. Within 30 days of the conclusion of the litigation, all material treated as confidential under this Order shall be destroyed by the receiving party.  The receiving party is responsible for ensuring the destruction of confidential material that the receiving party shared with any other person or entity. To the extent physical destruction is not feasible through reasonable efforts, such as with respect to material on backup media or only recoverable through forensic means, such material must be treated as *de facto* destroyed, such that the material is not to be used, disclosed, or accessed for any purpose.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

IT IS SO ORDERED.

This 17 day of March , 2026

_____/s/_____

Honorable Stephanie A. Gallagher
United States District Judge

5