**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC., et al.<br><br>Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

## <u>NOTICE OF PLAINTIFF-RELATOR'S MOTION TO COMPEL</u>

Plaintiff-Relator Adam Josephs ("Plaintiff-Relator" or "Relator"), respectfully moves the Court to enter an order compelling Defendants, Amentum Services, Inc., and URS Federal Services International Inc., to fully respond to Relator's First Requests for Production Numbers 1–12 and Relator's First Interrogatories 1–14. The grounds for this motion are set forth in the accompanying memorandum, declaration, and exhibits.

Date: March 26, 2026                    Respectfully submitted,

**LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:    */s/ Max Rodriguez*
Max E. Rodriguez (admitted pro hac vice)
Bianca Beam (Bar ID 31709)
(signed by Max Rodriguez with permission of Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:    */s/ Raphael Janove*
Raphael Janove (Bar ID 31824)
(signed by Max Rodriguez with permission of Raphael Janove)

115 Broadway, 5th Floor
New York, NY 10006
Tel: (646) 347-3940
raphael@janove.law

**Attorneys for Plaintiff-Relator**

ii

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>      Plaintiff,<br><br>    v.<br><br>AMENTUM SERVICES, INC., et al.<br><br>      Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

## MEMORANDUM IN SUPPORT OF RELATOR'S MOTION TO COMPEL

Plaintiff-Relator Adam Josephs ("Plaintiff-Relator" or "Relator"), hereby submits this Memorandum of Law in Support of his Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 104.8, stating as follows:

1

## **INTRODUCTION**

As set forth below, Relator's First Requests for Production ("First RFPs") and First Interrogatories to Defendants URS Federal Service International, Inc. ("URS") and Amentum Services Inc. ("Amentum") (collectively, the "Amentum Defendants") seek information that is central to this case. The information at issue goes to the heart of Relator's theory of liability as laid out in the First Amended Complaint's ("FAC"): that the Amentum Defendants engaged in a practice of subcontract stacking across their contracts in violation of FAR 52.244-5 and FAR 52.203-7, and that Defendant Dallas Aviation Inc.'s involvement was merely one representative example of that broader scheme. Although this Court dismissed certain claims against other parties and certain alternative theories, nothing in that order affected the discovery Relator now seeks. Materials relating to the Amentum Defendants' subcontractors other than Dallas Aviation Inc., as well as similarly structured contracts, are relevant and discoverable.

Relator regrets that this motion is necessary. Before pursuing this motion, Relator made every reasonable effort to resolve this dispute through the meet and confer process. On March 16, 2026, during a meet and confer on discovery objections and responses, Amentum Defendants took the position that the only discovery relevant to this case concerns Defendant Dallas Aviation Inc., even though the FAC repeatedly alleged that the instances of wrongdoing alleged were representative of the Amentum Defendants' broader practices with subcontractors (subcontractor stacking — the surviving theory — being one of them). The Amentum Defendants asked Relator to provide a written statement of his position because they claimed not to understand it. Relator did so in a detailed letter dated March 17, 2026, setting out the applicable case law, language from this Court's order granting in part and denying in part the motions to dismiss, and explaining the

specific FAC allegations under which the proposed scope of the requests was appropriate and relevant. *See* Declaration of Max Rodriguez ("Rodriguez Decl."), Ex. A.

Instead of engaging at all with the substance of that letter, the Amentum Defendants responded on March 20, 2026 by claiming the letter did not "answer the questions we raised" and stating it "does not change our clients' view on the scope issue." *See* Rodriguez Decl., Ex. B. No other explanation providing any conceivable basis for this position was communicated. Relator requested a further meet and confer to walk through the letter or to otherwise get any substantive response. On that call, on March 24, 2026, the Amentum Defendants confirmed their position was unchanged and again declined to substantively address Relator's arguments. The parties agreed they are at an impasse. This motion follows and must be granted compelling appropriate response to Plaintiff-Relator's First RFPs 1–12 and First Interrogatories 1–14.

## RELEVANT BACKGROUND

### I.    PROCEDURAL BACKGROUND

Plaintiff-Relator filed his original complaint under seal on February 5, 2023, in the Eastern District of Texas, ECF 2. On April 11, 2025, the case was transferred to the United States District Court of Maryland, ECF 35. On June 26, 2025, Relator filed his First Amended Complaint, ECF 63. Defendants TD Supply Specialists LLC, Freedom Air Industries Inc., Dallas Aviation Inc., DynCorp International LLC, URS Federal Services International Inc., and Amentum Services Inc. filed motions to dismiss, ECF 66-67, & 70-71. Relator filed his response in opposition to the motions to dismiss on August 29, 2025, ECF 77. On November 19, 2025, Judge Gallagher filed a memorandum opinion granting a partial motion to dismiss, ECF 90.

On January 30, 2026, Relator served his first Request for Production on URS and Amentum. *See* Rodriguez Decl., Ex. C. On February 9, 2026, Relator served his first Request for Interrogatories on URS and Amentum. *See* Rodriguez Decl., Ex. D. On March 2, 2026, URS and

Amentum Served its objections and responses. *See* Rodriguez Decl., Ex. E. On March 12, 2026, URS and Amentum served its objections and responses. *See* Rodriguez Decl., Ex. F.

In their responses and objections to nearly every request in the First RFPs and First Interrogatories, the Amentum Defendants claimed that the only discovery relevant to this case concerns subcontracts between Dallas Aviation Inc. and the Amentum Defendants under Contract FA 8051-20-D-0001. *See* Rodriguez Decl., Ex. E ; Rodriguez Decl., Ex. F. In each case, these responses and objections purported to be based on "and consistent with the Court's November 19, 2025 Decision and Order Each request and a the relevant portions of Defendants' response is included below:

> **REQUEST NO. 1:** All Prime Contracts and Subcontract Documents Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
>
> Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D0001 contract documents and contracting documents with Dallas Aviation relevant to Relator's remaining claims.
>
> **REQUEST NO. 2:** All Documents and Communications Concerning Suppliest, Relator or any Subcontractor Defendant.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
>
> Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce documents concerning Suppliest, Relator, and Dallas Aviation relevant to Relator's remaining claims.
>
> **REQUEST NO. 3:** All Documents sufficient to identify the first contact, Communication, and/or meeting (regardless of date) between Amentum and each Subcontractor Defendant, and between each Subcontractor Defendant themselves.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
>
> Subject to and without waiving their objections, and consistent with the Court's

4

November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 4:** All Documents and Communications between Amentum and Subcontractor Defendants and between Subcontractor Defendants themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents and communications with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 5:** All Documents and Communications Concerning Subcontractor Defendants' Subcontract Documents for commercial items or services for Amentum or the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 6:** All Documents and Communications Concerning any requirement, policy, procedure, pattern, or practice by Amentum of having, expecting, or requiring at least two quotes or bids from potential Subcontractors when awarding a Subcontract as a Prime Contractor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce its procurement policies relevant to Relator's remaining claims.

**REQUEST NO. 7:** All Documents and Communications Concerning compliance with legal, regulatory, or contractual requirements Concerning anti-competitive conduct, including conduct as described in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce its compliance policies relevant to Relator's remaining claims.

**REQUEST NO. 8:** All Communications between Amentum and any Subcontractor Defendant Concerning any Quotes or Bids Concerning any Contract or Subcontract with the United States or Concerning the Independent Price Certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce procurement files and contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 9:** All Documents and Communications sufficient to show the organizational structure of Amentum and each Subcontractor Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce organizational charts relevant to Relator's remaining claims.

**REQUEST NO. 10:** All Documents sufficient to show all payments, money transfers, compensation, and exchanges of funds, directly or indirectly, between Amentum and Subcontractor Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce documents sufficient to show the amounts of payments to Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 11:** All Documents and Communications sufficient to show certifications, representations, or warranties made, submitted, provided, or maintained to or for the United States Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002 and Subcontracts thereunder, including Concerning compliance with legal, regulatory, or contractual requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D-0001 contract and invoicing documentation relevant to Relator's remaining claims.

**REQUEST NO. 12:** All Documents and Communications sufficient to show

claims submitted to the United States by Amentum Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002, and related payments by the United States based on those claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D-0001 invoicing and payment documentation relevant to Relator's remaining claims.

\*       \*       \*

**INTERROGATORY NO. 1:** Identify all Supplied Goods and Services provided by subcontractors under FA 8051-20-D-0001, including any task orders, modifications, or amendments related thereto.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the purchase orders listed below provide information about the awards to Dallas Aviation, including the particular item(s) Dallas Aviation was to provide . . . .

**INTERROGATORY NO. 2:** Identify all Contracts, Subcontracts, Modifications, Task Orders, Delivery Orders, Purchase Orders, or other agreements (including any modifications or amendments) between You, a Subcontractor, and/or any Contractor and/or third party to provide Supplied Goods and Services.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving their objections, and consistent with the a Decision and Order, the Amentum Defendants identify the following purchase orders awarded to Dallas Aviation. . . .

**INTERROGATORY NO. 3:** Identify all Claims submitted to the United States for Supplied Goods and Services.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices to the government that include, among a number of non-

responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above. . . .

**INTERROGATORY NO. 4:** Identify all Prime Contracts pursuant to any Claim submitted for which claims were submitted to the United States for Supplied Goods and Services.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following:

• FA 8051-20-D-0001, Order No. FA805121F0058

**INTERROGATORY NO. 5:** Identify all RFQs concerning any of the Supplied Goods and Services under FA 8051-20-D-0001.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including requests for quotes or bids. . . .

**INTERROGATORY NO. 6:** Identify all RFQ Responses that You received from any party concerning the RFQs.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including responses to requests for quotes or bids. . .

**INTERROGATORY NO. 7:** Identify all formal or informal proposals, pricing submissions, presentations, or descriptions made by You to the United States concerning the Supplied Goods and Services.

8

**<u>RESPONSE TO INTERROGATORY NO. 7:</u>**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify documents such as the following invoices that include, among a number of non-responsive and irrelevant items, descriptions of the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above. . . .

The Amentum Defendants also identify documents that will be included in their document production such as reports entitled "Subcontracting Report for Individual Contracts."

**INTERROGATORY NO. 8:** Identify all representations, warranties, certifications, or assurances made by You to the United States, whether express or implied, concerning the Supplied Goods and Services.

**<u>RESPONSE TO INTERROGATORY NO. 8:</u>**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices that include, among a number of non-responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above and any certification submitted with the invoice. . . .

**INTERROGATORY NO. 9:** Identify all policies, procedures, guidelines, or practices in effect during the relevant period concerning the solicitation, evaluation, selection, or approval of the Supplied Goods and Services including the solicitation, evaluation, selection, or approval of any Subcontractors for the Supplied Goods and Services.

**<u>RESPONSE TO INTERROGATORY NO. 9:</u>**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following procurement policies in effect at some point in 2021 and 2022 when the purchase orders identified in response to Interrogatory 2 above were awarded. . . .

**INTERROGATORY NO. 10:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the preparation or submission of any Claim, and state the general subject matter of the knowledge or information possessed by each such person.

9

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices to the government that include, among a number of non-responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above and the identity of individuals involved with the submission of the invoice. . . .

**INTERROGATORY NO. 11:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the solicitation of any RFQ, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including the identification of persons involved with the solicitation. . . .

**INTERROGATORY NO. 12:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the receipt or evaluation of any RFQ Response, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including identification of persons involved with evaluating responses to requests for quotes or bids. . . .

**INTERROGATORY NO. 13:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the awarding of any Subcontract, and state the general subject matter of the knowledge or information possessed by each such person.

10

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including identification of persons involved with the issuance of the purchase order. . . .

**INTERROGATORY NO. 14:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following . . .

The Amentum Defendants articulated this position again during the parties' March 5, 2026 meet and confer and memorialized it in their responses and objections to Relator's Interrogatories and Requests for Production, which were confined exclusively to Dallas Aviation Inc.

During a further meet and confer on March 16, the Amentum Defendants requested that Relator provide a written statement of his position on the scope of the claims remaining in this case because the Amentum Defendants did not understand Relator's position. Relator did so in a letter dated March 17, 2026, setting out in detail his position that the First Amended Complaint's adequately-pled allegations extend beyond Dallas Aviation Inc. to encompass a broader patter of subcontract stacking under other Amentum and URS contracts. *See* Rodriguez Decl., Ex. A.

The Amentum Defendants responded on March 20, 2026, not by substantively engaging with Relator's position and providing a defensible basis for their position, but with a dismissal of Relator's letter stating it "does not answer the questions we raised on Monday's meet and confer and does not change our clients' view on the scope issue you raised about Amentum and URS's

11

RFP responses and objections." *See* Rodriguez Decl., Ex. B. Relator then requested an additional meet and confer to explain the letter to the Amentum Defendants. On that call, on March 24, 2026 the Amentum Defendants confirmed that their position was unchanged and refused to substantively respond to the arguments set forth in Relator's March 17 letter. The parties agreed that they are at an impasse.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Courts have interpreted relevancy broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Carey v. Berisford Metals Corp.*, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (quotations and citation omitted). "Discovery is of broader scope than admissibility" and parties may pursue discovery into inadmissible matters. *King v. Conde*, 121 F.R.D. 180, 194 (E.D.N.Y. 1988).

Where a party fails to respond to discovery requests, Federal Rule of Civil Procedure 37 authorizes the requesting party to seek an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). The decision to grant or deny such a motion "is generally left within a district court's broad discretion." *Williams v. Corelogic Rental Prop. Sols.*, LLC, No. CV PX 16-58, 2016 WL 6277675, at *2 (D. Md. Oct. 26, 2016); see also *LaRouche v. Nat'l Broadcasting Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (noting that motions to compel are directed to the district court's sound discretion); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

12

## **LEGAL ARGUMENT**

A discovery dispute has become ripe concerning the scope of the production obligations of the Amentum Defendants. Despite this Court's ruling, which sustained Relator's allegations that Dallas Aviation Inc.'s involvement in subcontract stacking was representative of a broader practice by Amentum and URS, the Amentum Defendants have improperly confined their discovery responses to documents relating exclusively to Dallas Aviation Inc. *See Josephs v. Amentum Servs. Inc.*, 2025 WL 3223772 (D. Md. Nov. 19, 2025), *motion to certify appeal denied*, 2026 WL 183543 (D. Md. Jan. 23, 2026).

In doing so, the Amentum Defendants disregard both the scope of the FAC's adequately pled allegations and the well-established principle that a relator who pleads representative examples of false claims with particularity is entitled to pursue discovery into the larger pattern or practice those examples represent. *See U.S. ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 488 (4th Cir. 2025). Relators are entitled to allege that representative examples of false claims pleaded with particularity are representative of larger patterns, practices, or "corporate polic[ies]" pursued by the defendants writ large. *Id.*; *see also, e.g.*, *U.S. ex rel. Schnupp v. Blair Pharmacy, Inc., 2022 WL 17584381*, at \*17–18 (D. Md. Dec. 9, 2022) (relator adequately alleged "representative examples of each type of fraudulent claim submitted by the defendants" and "a pattern of conduct that would *necessarily* have led to submission of false claims") (emphasis in original and quotations omitted).

The Amentum Defendants' responses and objections to Relator's First RFPs and First Interrogatories rest on an unjustifiably narrow reading of this Court's ruling. This Court did not limit Relator's claims to a single subcontractor or a single task order. To the contrary, the Court recognized that the allegations concerning Dallas Aviation described "*a* subcontract stacking

scheme." *Amentum Services*, 2025 WL 3223772, at *9 (emphasis added). The FAC alleged that the practice at issue "tainted other subcontract bidding processes for commercial goods under Amentum AFCAP Contract 1 and Amentum's other similarly structured government contracts." FAC ¶ 121. The Court further observed that allegations involving other subcontractors "provide additional evidence that subcontract stacking is a routine practice for Amentum." *Amentum Servs. Inc.*, 2025 WL 3223772, at *10.

Critically, no defendant challenged the FAC's broader pattern-or-practice allegations at the motion-to-dismiss stage. Those allegations therefore remain intact and operative for purposes of discovery. Although the Court dismissed certain claims against Freedom Air and TD Supply, because this Court held the FAC alleged only *attempted* subcontract stacking that did not result in presentment of a claim to the government, *id.* at *10, and dismissed Dyncorp for failure to allege with particularity, *id.* at *5, nothing in those rulings narrows the scope of discovery as to the Amentum Defendants' own conduct across their similar contracts and subcontracting relationships.

Relator respectfully requests that this Court compel the Amentum Defendants to produce documents responsive to Relator's discovery requests as they pertain to all subcontracts for commercial goods or services under Amentum and URS IDIQ contracts—not merely those involving Dallas Aviation—and to do so by a date certain so that Relator is not further prejudiced by the Amentum Defendants' continued delay.

### A.    Plaintiff Seeks Relevant Discovery

The materials Relator seeks are directly relevant to the remaining theories of liability that this Court sustained: subcontract stacking in violation of FAR 52.244-5 and FAR 52.203-7.

This Court held that Relator sufficiently alleged noncompliance with FAR 52.244-5 and FAR 52.203-7 based on allegations that the Amentum Defendants engaged in subcontract stacking

14

by routing purchases of clothing and other supplies through unnecessary subcontractors. In one representative example, Amentum used Dallas Aviation as a purported broker, directing it to purchase items from Suppliest and resell them to Amentum at inflated prices, despite Amentum's ability to purchase the same items directly from Suppliest at a lower cost. *See Amentum Services*, 2025 WL 3223772, at \*9. This unnecessary layering of intermediary contracts served to conceal markups and inflate costs billed to the United States Government.

The FAC makes clear that the Dallas Aviation Inc. arrangement was not an isolated incident but rather a representative example of Amentum's broader subcontract-stacking practice. *See* FAC ¶¶ 121, 138, 140–41, 157, 163. Accordingly, the details of subcontracts for commercial goods or services under other Amentum and URS contracts, including subcontracts awarded to entities other than Dallas Aviation, bear directly on whether Amentum routinely engaged in the same scheme the Court found adequately alleged. Materials relating to these other subcontracting arrangements are therefore plainly relevant to Relator's claims and fall comfortably within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1).

The Fourth Circuit's decision in *Acadia Healthcare* confirms this approach. There, the court recognized that relators may plead representative examples of false claims that reflect a broader pattern or corporate policy. *Acadia Healthcare*, 127 F.4th at 488. Unlike the relator in *Acadia*, whose broader allegations of a corporate policy were dismissed as conclusory, Relator here supported the pattern-or-practice allegations with detailed factual content in the FAC—and those allegations were neither challenged at the motion-to-dismiss stage nor disturbed by this Court's ruling. Discovery into the full scope of that pattern is therefore not only appropriate but necessary.

## B.    The Requests are Proportional

The requested discovery satisfies the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). The information asymmetry between the parties is stark: the Amentum Defendants possess exclusive access to the documents at issue, their own subcontracting records, purchase orders, invoices, and billing submissions under their government contracts. Relator has no alternative means of obtaining this information.

Without production of documents beyond those relating to Dallas Aviation Inc., Relator cannot assess the full scope of the subcontract-stacking practice. Confining discovery to a single subcontractor would effectively prevent Relator from proving the broader pattern or practice that was alleged in the FAC and left unchallenged by the Amentum Defendants.

The burden on the Amentum Defendants is modest relative to the stakes. This is not a request for the Amentum Defendants' entire document universe. It is a targeted request tied to the specific contracts through which the FAC alleges false claims were submitted. The Amentum Defendants are well positioned to identify and produce responsive documents from their own files. The proportionality calculus weighs decidedly in favor of compelling the requested production

## CONCLUSION

For all of the foregoing reasons, Plaintiff-Relator respectfully requests that the Court grant his Motion to Compel Discovery responses as requested to First RFPs 1–12 and First Interrogatories 1–14.

Date: March 26, 2026        Respectfully submitted,

**LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:   */s/ Max Rodriguez*
Max E. Rodriguez (admitted pro hac vice)
Bianca Beam (Bar ID 31709)
(signed by Max Rodriguez with permission of Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:   */s/ Raphael Janove*
Raphael Janove (Bar ID 31824)
(signed by Max Rodriguez with permission of Raphael Janove)

115 Broadway, 5th Floor
New York, NY 10006
Tel: (646) 347-3940
raphael@janove.law

**Attorneys for Plaintiff-Relator**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC., et al.<br><br>Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

**DECLARATION OF MAX E. RODRIGUEZ IN SUPPORT OF PLAINTIFF-
RELATOR'S MOTION TO COMPEL**

I, Max E. Rodriguez, hereby state and declare as follows:

1.      I am over eighteen years of age and competent to testify to the matters set forth in this Declaration.

2.      I am one of the attorneys representing the Plaintiff-Relator in the above-titled matter and make this Declaration in support of Plaintiff-Relator's Motion to Compel addressed to Defendants Amentum Services, Inc., and URS Federal Services International Inc.

3.      During a meet and confer call on March 16, the Amentum Defendants requested that Relator provide a written statement of his position on the scope of the claims remaining in this case because the Amentum Defendants did not understand Relator's position. Relator did so in a letter dated March 17, 2026. A true and correct copy of this March 17, 2026 letter is attached hereto as **Exhibit A**.

4.      A true and correct copy of the Amentum Defendants' email response to the letter, dated March 20, 2026 is attached hereto as **Exhibit B**.

1

5.      On September 5, 2025, Relator initially served his First Requests for Production. Defendants did not respond. On January 30, 2026, Relator re-served the First Request for Production on URS and Amentum. A true and correct copy of Relator's First Requests for Production are attached hereto as **Exhibit C**.

6.      On February 9, 2026, Relator served his First Interrogatories on URS and Amentum. A true and correct copy of Relator's First Interrogatories is attached hereto as **Exhibit D**.

7.      On March 2, 2026, URS and Amentum Served its objections and responses to Relator's First Requests for Production. A true and correct copy of Amentum Defendants responses and objections to Relator's First Requests for Production are attached hereto as **Exhibit E**.

8.      On March 12, 2026, URS and Amentum served its objections and responses to Relator's First Interrogatories. A true and correct copy of the Amentum Defendants responses and objections to Relator's request for interrogatories are attached hereto as **Exhibit F**.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: March 26, 2026                By:___ */s/ Max Rodriguez*_____
                                         Max Rodriguez

EXHIBIT A



Raphael Janove · Shareholder · raphael@janove.law

www.janove.law · T 646-347-3940 · 115 Broadway, 5th Fl. · New York, NY 10006

1617 John F. Kennedy Blvd., 20th Fl. · Philadelphia, PA 19103 · 979 Osos St., Ste. A5 · San Luis Obispo, CA 93401

March 17, 2026

**VIA EMAIL**

Jennifer M. Wollenberg
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
jennifer.wollenberg@morganlewis.com

Re: *Josephs v. Amentum Services, Inc. et al*, 25-cv-01477-SAG (D. Md.)

Dear Jennifer,

Following up on our March 16 meet and confer, we are writing to provide Relator's position concerning the scope of claims at issue in discovery in this case after Judge Gallagher's decision denying the motion to dismiss in part. The Amentum Defendants' objections to Relator's RFPs and Interrogatories seek to narrow this case to evidence strictly limited to certain false claims involving Dallas Aviation. But Relator's claims—and the evidence relevant to those claims—are much broader.

As you know, Judge Gallagher granted in part the motion to dismiss as it pertained to Freedom Air, TD Supply, and Dyncorp as defendants and the "theories" of bid rigging and price sharing. *See Josephs v. Amentum Servs. Inc.,* 2025 WL 3223772, at *8–9, 15 (D. Md. Nov. 19, 2025), *motion to certify appeal denied,* 2026 WL 183543 (D. Md. Jan. 23, 2026). With respect to the bid rigging and price sharing theories, Judge Gallagher concluded that "it is not clear" the "practices" alleged in the first amended complaint "led Amentum to ultimately select bids on an uncompetitive basis." *Id.* at *7.

With respect to the subcontract stacking theory, Judge Gallagher held that Relator "sufficiently alleged noncompliance with both FAR 52.244-5 and FAR 52.203-7." *Id.* Judge Gallagher went on to explain that the first amended complaint adequately pleaded that "Amentum did not [select subcontractors on a competitive basis] because it sometimes chose to buy from a reselling contractor at a higher price" and permitted the inclusion of kickbacks "in a claim to a prime contractor or to the government" because of the "difference in price functions as a kickback to the reselling contractor." *Id.*

The dismissed defendants were dismissed from the case for specific narrow reasons. With respect to both Freedom Air and TD Supply, whose dismissal you suggested was representative of some limiting principle, those parties were dismissed exclusively because the first amended complaint only alleged an instance of <u>attempted</u> subcontract stacking that, in that instance, was not "successful" and did not "result[] in presentment of a claim to the government." *Id.* at *10. With respect to Dyncorp, Judge Gallagher credited the Amentum Defendants' argument that allegations against Dyncorp had not been alleged with particularity. *Id.* at *5.

Nothing about the scope of dismissal described above would prevent Relator from pursuing discovery to identify other similar instances of subcontract stacking to the one alleged in the first amended complaint. *See* ECF No. 60 (the "FAC"). The FAC discusses at length that Relator's allegations were representative examples of practices that "tainted other subcontract bidding processes for commercial goods under Amentum AFCAP Contract 1 and Amentum's other similarly structured government contracts." FAC ¶ 121. This was alleged as to all theories, including subcontract stacking. *See id.* ¶ 138, 140–41, 157, 163.

Relators are entitled to allege that representative examples of false claims pleaded with particularity are representative of larger patterns, practices, or "corporate polic[ies]" pursued by the defendants writ large. *See U.S. ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 488 (4th Cir. 2025); *see also, e.g.*, *U.S. ex rel. Schnupp v. Blair Pharmacy, Inc.*, 2022 WL 17584381, at *17–18 (D. Md. Dec. 9, 2022) (relator adequately alleged "representative examples of each type of fraudulent claim submitted by the defendants" and "a pattern of conduct that would *necessarily* have led to submission of false claims") (emphasis in original and quotations omitted). Consistent with this precedent, Judge Gallagher observed that Relator "has alleged the details of *a* subcontract scheme." *Amentum Services*, 2025 WL 3223772, at *9 (emphasis added). The Judge next explained that Relator "has paired the description of this scheme with 'reliable indicia' that claims arising out of the scheme were presented to the government," including, among other things, "allegations describing the billing process, specifically that subcontractors billed Amentum through purchase orders and Amentum then billed the government through invoices or vouchers on a cost-plus-fixed-fee basis for its allowable costs," and that "the government routinely paid them as presented." *Id.* at *10. Moreover, the Judge also noted that allegations as to TD Supply or Freedom Air "provide additional evidence that subcontract stacking is a routine practice for Amentum." *Id.* Judge Gallagher then denied the motion to dismiss "as to Amentum and URS ***and*** the subcontract stacking allegations" and as to Dallas Aviation "as to the subcontract stacking allegations." *Amentum Services*, 2025 WL 3223772, at *15 (emphasis added).

Although a defendant can seek to object to a relator's claims alleging a broader pattern or practice supported by representative examples of false claims at the motion to dismiss stage (and it was on that basis in *Acadia* that the Fourth Circuit dismissed the broader scope of the relator's claims. *Acadia Healthcare*, 127 F.4th at 488), here, however, as mentioned during our March 16 call, here, neither the Amentum Defendants nor any other defendant made any argument responding to this issue in the FAC. Moreover, unlike *Acadia*, any such dismissal argument about the broader scope of the claims would have failed, given the FAC's detailed allegations. *Cf. Acadia*, 127 F.4th at 488 ("A mere allegation that a corporate policy exists, with nothing more, is insufficient.").

Accordingly, the FAC's adequately-pled example of subcontract stacking that occurred between and among Amentum/URS and Dallas Aviation was representative of a larger practice by Amentum and URS Federal Services International in their submission of false claims to the United States arising from subcontractor stacking that violated FAR 52.244-5 and FAR 52.203-7. For this reason, similarly-situated claims submitted or caused to be submitted by Amentum or URS under other IDIQ contracts (and any task orders or modifications thereunder), arising from subcontract stacking in subcontracts related to commercial goods or services, including those involving

2

subcontractors other than Dallas Aviation, are relevant for discovery purposes in this case, just like the FAC's allegations "of additional evidence that subcontract stacking is a routine practice for Amentum" were relevant to the Judge's denial of the motion to dismiss. *See Amentum Services*, 2025 WL 3223772, at *10. In sum, these other instances were alleged and remain within the scope of Amentum and URS's potential exposure in this case and discovery obligations.

Relator would therefore construe the first requests for production to <u>not</u> require production of documents related to claims under contracts, task orders, or modifications thereunder provided by Dyncorp (e.g., FA 8051-20-D-0002). They <u>would</u>, however, include all responsive documents for subcontracts for commercial goods or services under FA 8051-20-D-0001, regardless of whether those subcontracts were awarded to Dallas Aviation or another subcontractor. This would also apply to similarly-structured URS contracts, task orders, and modifications thereunder within the applicable statute of limitations. Upon production of these materials, Relator would be able to review and identify the scope of applicable subcontract stacking for which there is potential liability at issue in this case and pursue proof of the necessary elements accordingly.

By way of example, public records reflect that URS appears to have at least two other IDIQ contracts that were at least partially active during the statute of limitations (HDTRA118D0005 and FA805115D0007). This is why, among other things, Relator's first interrogatories requested that you "Identify all Prime Contracts pursuant to any Claim submitted for which claims were submitted to the United States for Supplied Goods and Services." You responded exclusively by identifying "FA 8051-20-D-0001, Order No. FA805121F0058," which neither considers other potentially responsive IDIQ contracts; nor does it identify any other task orders (if any) under FA 8051-20-D-0001 in which there may be responsive and relevant subcontracts. As another example, RFP #6 remains relevant because Judge Gallagher's language specifically identifies FAR 52.244-5 as a relevant basis for the falsity of subcontract stacking claims.

Furthermore, as we discussed during our call, your responses to both Relator's RFPs and interrogatories narrow your responses exclusively to Dallas Aviation, rather than to any URS/Amentum subcontractor that provided commercial goods or services for which there may have been equivalent subcontract stacking.

Finally, I note that your description of the February 6 meeting during our recent call remains mistaken. Our proposal to "sequence" discovery as it pertained more specifically to Dallas Aviation was proposed in the specific context of pursuing a process for early resolution in this case. You chose not to participate in such a process (and despite Dallas Aviation's initial interest in early resolution following the motion to dismiss, it also chose not to participate in that process). So, our proposal we made in that specific context—to sequence discovery to aid the parties in negotiating an early resolution—was not a proposed limitation on Relator's substantive scope of potentially relevant discovery to which he is legally entitled.

**JANOVE** PLLC

We are happy to meet and confer at your earliest convenience. Given the tight discovery schedule, we need to move to compel shortly if the Parties remain at impasse.

Sincerely,

*/s/ Raphael Janove*
Raphael Janove

CC: All counsel of record (via email)

EXHIBIT B

**Thursday, March 26, 2026 at 4:08:17 PM Eastern Daylight Time**

---

| | |
|---|---|
| **Subject:** | RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) |
| **Date:** | Wednesday, March 25, 2026 at 9:29:22 AM Eastern Daylight Time |
| **From:** | Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com> |
| **To:** | Raphael Janove <raphael@janove.law>, Max Rodriguez <max@maxrodriguez.law>, Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law> |
| **CC:** | Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>, Allison Luttrell <aluttrell@familylaw-tx.com> |
| **Attachments:** | image006.png, image007.png, image008.png, image009.png, image010.png, image011.png |

Counsel –

We're not sure what your point is in trying to "briefly summarize" our discussion. In any event, we do not believe your summary accurately captures the discussion or our clients' position. We have now had two conferral sessions on this topic where we have explained our clients' position at length, in addition to our clients' written responses and objections, which speak for themselves. In fact, given that we explained our position in our conferral a week ago, and the parties were at impasse at that point, we do not understand why you insisted on scheduling a second conferral a week later, particularly since your post-meeting letter last week offered no meaningful change in Relator's position. If Relator now chooses to move to compel, please ensure that you do not twist our words or otherwise mischaracterize our position. Our clients will speak for themselves in their opposition, which will be served within the time limits provided under the Rules.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Tuesday, March 24, 2026 4:41 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]

Hi Jennifer,

Thanks for your time today. Just to briefly summarize:

- The Parties confirmed impasse as to the scope of discovery, and the Amentum Defendants confirmed they rejected the proposal in Plaintiff's March 17, 2026 letter to construe discovery to be as to FA 8051-20-D-0001, regardless of whether those subcontracts were awarded to Dallas Aviation or another subcontractor

- I informed you that we should be serving a motion to compel shortly, pursuant to R104 8.(a)

- I asked whether Amentum Defendants would agree to a faster briefing schedule than the standard timeline set forth in the local rules—particularly given your opposition to any extension to the discovery schedule—but you would not commit to the timeline until seeing the motion.

- I expressed my disagreement with your characterization of the Parties' past meet and confers and conduct in discovery to date, including, in particular, your statements regarding Plaintiff's efforts to move discovery forward in this case.

Best,

**Raphael Janove**



---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Monday, March 23, 2026 2:28 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Hi Jennifer,

I sent an invite for tomorrow at 4:00 pm ET.  We'll separately schedule the meet and confer

2 of 15

with Dallas Aviation.

Thanks.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Monday, March 23, 2026 12:46 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

We are available tomorrow between 3 and 5 ET.  We saw that you also requested meet and confer times with Dallas Aviation, but for Wednesday.  If you want to combine the meet and confer sessions, we currently are available on Wednesday after 11 ET.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

    

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Monday, March 23, 2026 9:11 AM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-

tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)


[EXTERNAL EMAIL]
Hi Jennifer,

Please let us know your availability tomorrow to meet and confer.

Thanks.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Friday, March 20, 2026 7:44 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)


Counsel –

Your letter does not answer the questions we raised on Monday's meet and confer and does not change our clients' view on the scope issue you raised about Amentum and URS's RFP responses and objections.  We don't understand that a further meet and confer is required, but since you apparently believe that it would be productive, we are happy to participate in that and would ask that you suggest some times for that conversation.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

    

**From:** Wollenberg, Jennifer M.
**Sent:** Wednesday, March 18, 2026 10:01 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

Amentum and URS oppose Relator's proposed motion to amend/extend the scheduling order.

Also, counsel for Dallas Aviation authorized me to notify you that Dallas Aviation opposes.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

    

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Tuesday, March 17, 2026 4:01 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Hi Jennifer,

Please refer to the attached letter.

In response to your email below, good cause exists to extend the schedule. Defendants

have still not produced a single document. Relator's expert testimony and report, and damages calculations, will largely be based off of documents and information within Defendants' exclusive possession, custody, or control.

Given the status of discovery productions—and the outstanding disagreement about the scope of the case, likely necessitating motion practice in the near future (see attached letter)—good cause exists to provide another month for Relator to have the time obtain from Defendants the discovery necessary to prepare the Rule 26(a)(2) disclosures.

If Amentum will not agree to the extension, please let me know by tomorrow.

Allison - please let us know Dallas Aviation's position on the extension by tomorrow.

Thanks.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Tuesday, March 17, 2026 2:49 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

Speaking on behalf of my clients, we were surprised to receive your email yesterday afternoon, including because this is the first that we are hearing from Relator about any schedule-related issue. The Court's January 23, 2026 Scheduling Order (Dkt. 102) expressly states that, following the February 6, 2026 deadline for requests for modification of the initial scheduling order, "**the schedule will not be changed except for good cause**" (emphasis in original). Could you please explain what documents Relator will represent he needs to prepare Rule 26(a)(2) disclosures, what "good cause" justification(s) Relator intends to include in his extension request to the Court, and why Relator believes a full month extension is justified?

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Monday, March 16, 2026 1:41 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Hi Jennifer and Allison,

Thanks for your time earlier today. Given the Parties' progress in discovery so far, Plaintiff would like to ask the Court for a one-month extension of time, in particular to allow time to receive documents from Defendants so that Plaintiff can adequately prepare Rule 26(a)(2) disclosures.

In bold, please see the revised proposed dates:

March 24 --> **April 24**: Plaintiff's Rule 26(a)(2) disclosures

April 23, 2026 --> **May 22**: Defendant's Rule 26(a)(2) disclosures

May 7, 2026 --> **June 8**: Plaintiff's rebuttal Rule 26(a)(2) disclosures

May 14, 2026--> **June 15**: Rule 26(e)(2) supplementation of disclosures and responses

June 8, 2026 --> **July 8**: Discovery deadline; submission of status report

June 15, 2026 --> **July 15**: Requests for admission

July 7, 2026 -- > **August 7**: Dispositive pretrial motions deadline

If this works for Defendants, I'll draft the motion to the court for your review.

Thanks.

**Raphael Janove**



---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Monday, March 16, 2026 11:50 AM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Hi Jennifer,

Confirming these work and you can file. Thanks for drafting.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Tuesday, March 10, 2026 1:17 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel for Relator and Dallas Aviation –

Please find attached the draft filing that Relator asked "Defendants" to prepare. If you have any suggested changes, please provide them as soon as possible. If not, please confirm via response to this email that we have your client's consent to file per footnote 1 in the draft.

Regards,

**Jennifer M. Wollenberg**

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Friday, March 6, 2026 2:30 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Hi Jennifer,

Our understanding is that Defendants would be preparing that paperwork, as it is Defendants suggested language, including its request to allow for AEO designations.

Thanks.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Friday, March 6, 2026 8:56 AM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

9 of 15

Is Relator preparing the motion paperwork to request the Court's entry of these two proposed orders as discussed in Relator's last status report to the Court?

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

    

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Thursday, March 5, 2026 11:29 AM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Hi Jennifer,

These are fine. Thanks.

**Raphael Janove**



**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Tuesday, March 3, 2026 3:45 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

Here is proposed language for the Clawback Order and Protective Order.   We understand that this language is acceptable to Dallas Aviation.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Tuesday, March 3, 2026 10:17 AM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Thanks Jennifer. We are generally fine with the D Md. standards, and look forward to reviewing what you send.

Roughly when can we expect it?

Best,

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Friday, February 27, 2026 5:07 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>; Bianca Beam

<bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

We will be providing a proposed protective order, clawback order, and simple production protocol per the parties' discussion.  To streamline the process, we're working to include any comments from Dallas Aviation in the proposals and hope to have those to you early next week.  In the meantime, if you have any particular language you want us to consider, please send that to us.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Wednesday, February 25, 2026 9:22 AM
**To:** Max Rodriguez <max@maxrodriguez.law>; Wollenberg, Jennifer M.
<jennifer.wollenberg@morganlewis.com>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones
<sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
Good Morning Jennifer,

I wanted to follow up from our discussion on February 5. It was our understanding that Amentum was going to provide proposed edits to the D. Md. standard protective order, as well as a proposed ESI protocol based off the D. Md. guidelines.

Given that document production and discovery responses start next week, can you please send your proposals over this week?

Thanks.

**Raphael Janove**



---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Friday, February 6, 2026 6:35 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Raphael Janove <raphael@janove.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Thanks. These edits are acceptable. I will accept and file. Have a good weekend everyone.

---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Date:** Friday, February 6, 2026 at 6:24 PM
**To:** Max Rodriguez <max@maxrodriguez.law>, Raphael Janove <raphael@janove.law>, Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>, Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Max –

Thanks for putting the draft of this together.  Please see the Morgan Lewis comments in the attached redline.  You'll see that I tried to simplify the filing and correct some internal inconsistencies.  You have our consent to file with these changes.  If for some reason you aren't comfortable with any of these changes (and knowing that it is after hours on Friday and hard to reach multiple parties for a lot of back-and-forth), you have our consent to file a report that simply says that "The Parties do not have unanimous consent to proceed before a United States Magistrate Judge," which should satisfy today's deadline since that is the only report required by the Court's Scheduling Order.

Have a nice weekend!

Regards,
Jenny

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Friday, February 6, 2026 5:53 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Raphael Janove <raphael@janove.law>; Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

[EXTERNAL EMAIL]
See attached. I have left a comment because representing the parties' positions concerning early settlement conference or ADR request requires confirmation of Dallas Aviation's position before submitting in the manner it is phrased here.

If there are any revisions you require, please provide them in redline and send back to me. Otherwise, please let me know if I have your consent to file.

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Friday, February 6, 2026 at 5:43 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Raphael Janove <raphael@janove.law>, Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>, Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)
Thanks for letting me know. I will incorporate that and circulate a draft shortly.

Allison, please let me know Dallas Aviation's position on an early settlement/ADR conference.

Thanks,
Max

14 of 15

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Date:** Friday, February 6, 2026 at 3:34 PM
**To:** Max Rodriguez <max@maxrodriguez.law>, Raphael Janove <raphael@janove.law>, Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>
**Cc:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>, Allison Luttrell <aluttrell@familylaw-tx.com>
**Subject:** Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland)

Counsel –

Amentum Services and URS have decided not to make a "[j]oint request for early settlement/ADR conference" as proposed by Relator yesterday during the parties' conference.

We understand that Relator is putting together the report required by the Court's scheduling order concerning whether there is unanimous consent to proceed before a United States Magistrate Judge.  As requested yesterday, please share the draft of that filing with Defendants as soon as possible so that we have time to review and comment on, as necessary, the draft before Relator files it.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS, <br><br><br> Plaintiff, <br><br> v. <br><br> AMENTUM SERVICES, INC., URS FEDERAL SERVICES INTERNATIONAL, INC., DYNCORP INTERNATIONAL LLC, DALLAS AVIATION, INC., TD SUPPLY SPECIALISTS, LLC, AND FREEDOM AIR INDUSTRIES, INC., <br><br><br> Defendants. | Civil Action No.: 1:25-cv-01477-SAG |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO DEFENDANTS AMENTUM SERVICES, INC., URS**
**FEDERAL SERVICES INTERNATIONAL, INC., AND DYNCORP**
**INTERNATIONAL LLC**

Pursuant to Fed. R. of Civ. P. 26(d)(2), 34, L.R. 104, and Appendix A to the

Local Rules (Discovery Guidelines), Plaintiff-Relator, Adam Josephs, by and through

undersigned attorneys, requests that Defendants Amentum Services, Inc., URS Federal

Services International, Inc., and DynCorp International LLC, respond to this Request

within the time prescribed by the Federal Rules of Civil Procedure, and produce or make

available for inspection and copying the following documents and electronically stored

information ("ESI") within 30 days from the Parties' Rule 26(f) conference, continuing

from day to day thereafter, until completed, at the offices of the Law Office of Max Rodriguez PLLC located at 575 5th Ave., 14th Floor, New York, NY 10017, or at such time and place as may be agreed upon by all counsel.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   a.  If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary

2

("parent-child") documents exist and whether those documents have been produced or withheld.

b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

## <u>DEFINITIONS</u>

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.      *Communication*: The term "communication" means the transmittal of information by any means.

2.      *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.      *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4.      *Parties*: The terms "relator" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

5.      *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

6.      *You/Your*: The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

7.      *Amentum*: The term "Amentum" refers to Amentum Services, Inc., URS Federal Services International, Inc. and DynCorp International LLC, including their affiliates, subsidiaries, predecessors, successors, officers, directors, agents, consultants, employees, contractors, and anyone acting on their behalf.

8.      *Subcontractor Defendants*: The term "Subcontractor Defendants" refers to Dallas Aviation, Inc., TD Supply Specialists, LLC, and Freedom Air Industries, Inc., including their respective affiliates, subsidiaries, predecessors, successors, officers, directors, agents, consultants, employees, contractors, and anyone acting on their behalf.

9.      *AFCAP V*: The term "AFCAP V" refers to the Air Force Contract Augmentation Program V.

10.      *Relator*: The term "Relator" refers to Adam Josephs.

11.      *Suppliest*: The term "Suppliest" refers to Suppliest Co. LLC.

12.      *United States*: The term "United States" refers to the United States of America, including any department, agency, or instrumentality thereof.

13.      *Complaint*: The term "Complaint" refers to the First Amended Complaint filed on June 26, 2025.

14.      *Bid/Quote/Proposal*: The term "Bid," "Quote," or "Proposal" includes any offer, estimate, quotation, proposal, pricing sheet, or submission Concerning the provision of goods or services to the United States or Prime Contractor.

15.    *Contract*: The term "Contract" means any agreement, arrangement, or mutual understanding between two or more parties—whether oral or written, formal or informal, express or implied—that creates legally enforceable obligations.

16.    *Prime Contract*: The term "Prime Contract" means a contract or contractual action entered into by the United States for the purpose of obtaining supplies, materials, equipment, or services of any kind. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

17.    *Prime Contractor*: The term "Prime Contractor" means a contractor who entered into a Prime Contract.

18.    *Subcontract*: The term "Subcontract" means any contract entered into by a Subcontractor to furnish supplies or services for performance of a Prime Contract or a Subcontract. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

19.    *Subcontractor*: The term "Subcontractor" means a contractor who entered into a Subcontract.

20.    *Subcontract Documents*: The term "Subcontract Documents" means all Bids, Quotes, Proposals, Contracts, Purchase Orders, Delivery Orders and Task Orders including any drafts or Modifications relevant to the Subcontract.

21.    *Task Order*: The term "Task Order" means a Contract for services that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and that provides for the issuance of orders for the performance of tasks during the period of the Contract.

6

22. *Delivery Order*: The term "Delivery Order" means a Contract for supplies that does not procure or specify a firm quantity of supplies (other than a minimum or maximum quantity) and that provides for the issuance of orders for the delivery of supplies during the period of the Contract.

23. *Purchase Order*: The term "Purchase Order" means an offer to buy supplies or services.

24. *Modification*: The term "Modification" means any changes to the Contract, Prime Contract, Subcontract, Task Order, Delivery Order or Purchase Order.

25. *Independent Price Certification*: The term "Independent Price Certification" refers to a term provided in Section 1 of Part II –Amentum Standard Terms in Amentum's Purchase Order Terms and Conditions – Commercial Items which states "[Subcontractor] certifies that the price(s) proposed have been arrived at independently, without consultation, communication, or agreement with any others for the purpose of restricting competition, and that [Subcontractor] has not and will not knowingly disclose the price(s), directly or indirectly, to any third party."

26. Unless otherwise stated, the relevant time period for these Requests is six years prior to the submission of the original complaint on May 2, 2023 through to the present.

27. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

28.    If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## **DOCUMENT REQUESTS**

1.    All Prime Contracts and Subcontract Documents Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002.

2.    All Documents and Communications Concerning Suppliest, Relator or any Subcontractor Defendant.

3.    All Documents sufficient to identify the first contact, Communication, and/or meeting (regardless of date) between Amentum and each Subcontractor Defendant, and between each Subcontractor Defendant themselves.

4.    All Documents and Communications between Amentum and Subcontractor Defendants and between Subcontractor Defendants themselves.

5.    All Documents and Communications Concerning Subcontractor Defendants' Subcontract Documents for commercial items or services for Amentum or the United States.

6.    All Documents and Communications Concerning any requirement, policy, procedure, pattern, or practice by Amentum of having, expecting, or requiring at least two quotes or bids from potential Subcontractors when awarding a Subcontract as a Prime Contractor.

7.    All Documents and Communications Concerning compliance with legal, regulatory, or contractual requirements Concerning anti-competitive conduct, including conduct as described in the Complaint.

8

8.     All Communications between Amentum and any Subcontractor Defendant Concerning any Quotes or Bids Concerning any Contract or Subcontract with the United States or Concerning the Independent Price Certification.

9.     All Documents and Communications sufficient to show the organizational structure of Amentum and each Subcontractor Defendant.

10.    All Documents sufficient to show all payments, money transfers, compensation, and exchanges of funds, directly or indirectly, between Amentum and Subcontractor Defendants.

11.    All Documents and Communications sufficient to show certifications, representations, or warranties made, submitted, provided, or maintained to or for the United States Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002 and Subcontracts thereunder, including Concerning compliance with legal, regulatory, or contractual requirements.

12.    All Documents and Communications sufficient to show claims submitted to the United States by Amentum Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002, and related payments by the United States based on those claims.

13.    All Documents that otherwise support Your defenses in this action or that You may use at trial in this action.

9

Dated:  September 5, 2025  Respectfully submitted,

**LAW OFFICE OF MAX RODRIGUEZ PLLC**

By: /s/ *Max E. Rodriguez*
Max E. Rodriguez (admitted pro hac vice)
Bianca Beam (Bar ID 31709)
(signed by Bianca Beam with permission of Max
Rodriguez)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By: /s/ *Raphael Janove*
Raphael Janove (admission ceremony scheduled)
(signed by Bianca Beam with permission of Raphael
Janove)

500 7th Avenue, 8th Floor
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law


*Attorneys for Plaintiff-Relator Adam Josephs*

10

EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS, <br><br> Plaintiff, <br><br> v. <br><br> AMENTUM SERVICES, INC. *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT AMENTUM SERVICES, INC.**

Pursuant to Fed. R. Civ. P. 33, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Plaintiff, by its undersigned attorneys, propounds these Interrogatories, to which Defendants Amentum Services, Inc. shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS**

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product which was created or developed by counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant

1

to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

2.      These Interrogatories are continuing in character, to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.      Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.  In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

B.  The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(1)      For oral communications:

a.   the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b.   the date and place of the communication; and

    c.   the general subject matter of the communication.

(2)    For documents:

    a.   the type of document,

    b.   the general subject matter of the document,

    c.   the date of the document, and

    d.   such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

6.    If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2.      *Communication*: The term "communication" means the transmittal of information by any means.

3.      *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4.      *Identify (with respect to persons)*: When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5.      *Identify (with respect to documents)*: When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6.      *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7.      *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

4

8.      *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

9.      *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10.     *You/Your:* The terms "you" or "your" includes the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

11.     *Amentum*: The term "Amentum" refers to Amentum Services, Inc., URS Federal Services International, Inc. and DynCorp International LLC, including their affiliates, subsidiaries, predecessors, successors, officers, directors, agents, consultants, employees, contractors, and anyone acting on their behalf.

12.     *Subcontractor Defendants*: The term "Subcontractor Defendants" refers to Dallas Aviation, Inc., TD Supply Specialists, LLC, and Freedom Air Industries, Inc.

13.     *AFCAP V*: The term "AFCAP V" refers to the Air Force Contract Augmentation Program V.

14.     *Relator*: The term "Relator" refers to Adam Josephs.

15.     *Suppliest*: The term "Suppliest" refers to Suppliest Co. LLC.

16.     *Complaint*: The term "Complaint" refers to the First Amended Complaint filed on June 26, 2025.

17.     *Bid/Quote/Proposal*: The term "Bid," "Quote," or "Proposal" includes any offer,

5

estimate, pricing sheet, or submission for the provision of goods or services to the United States or Prime Contractor.

18.    *Claim*:   The term "Claim" or "Claims" means any claim for payment, invoices, vouchers, or requests for reimbursement submitted to the United States.

19.    *Contract*: The term "Contract" means any agreement, arrangement, or mutual understanding between two or more parties—whether oral or written, formal or informal, express or implied—that creates legally enforceable obligations.

20.    *Prime Contract*: The term "Prime Contract" means a contract or contractual obligation entered into by the United States for the purpose of obtaining supplies, materials, equipment, or services of any kind. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

21.    *Prime Contractor*: The term "Prime Contractor" means a contractor who entered into a Prime Contract.

22.    *RFQ*: The term "RFQ" means all formal or informal solicitations, requests for quotes, requests for proposals, requests for offers, requests for estimates, or requests for pricing submissions concerning any Supplied Goods and Services.

23.    *RFQ Response*: The term "RFQ Response" means all formal or informal responses to RFQs, including bids, quotes, proposals, offers, estimates, pricing submissions, and/or emails associated with the RFQ.

24.    *Subcontract*: The term "Subcontract" means any contract entered into by a Subcontractor to furnish supplies or services for performance of a Prime Contract or a Subcontract. It includes any changes and Modifications, Task Orders, Delivery Orders and Purchase Orders.

6

25.    *Subcontractor*: The term "Subcontractor" means a contractor who entered into a Subcontract.

26.    *Subcontract Documents*: The term "Subcontract Documents" means all Bids, Quotes, Proposals, Contracts, Purchase Orders, Delivery Orders and Task Orders including any drafts or Modifications relevant to the Subcontract.

27.    *Task Order*: The term "Task Order" means a contract for services that does not procure or specify a firm quantity of services (other than a minimum or maximum quantity) and that provides for the issuance of orders for the performance of tasks during the period of the Contract.

28.    *Delivery Order*: The term "Delivery Order" means a contract for supplies that does not procure or specify a firm quantity of supplies (other than a minimum or maximum quantity) and that provides for the issuance of orders for the delivery of supplies during the period of the Contract.

29.    *Purchase Order*: The term "Purchase Order" means an offer to buy supplies or services.

30.    *Modification*: The term "Modification" means any changes to the Contract, Prime Contract, Subcontract, Task Order, Delivery Order or Purchase Order.

31.    *Supplied Goods and Services*: The term "Supplied Goods and Services" means all commercial supplies, materials, equipment, or services of any kind provided or supplied by Contractors and Subcontractors under your contracts with the United States at issue in this case, including but not limited to FA 8051-20-D-0001 and any task orders, modifications, or amendments related thereto.

32.    *Independent Price Certification*: The term "Independent Price Certification"

7

refers to a term provided in Section 1 of Part II – Amentum Standard Terms in Amentum's

Purchase Order Terms and Conditions – Commercial Items which states "[Subcontractor]

certifies that the price(s) proposed have been arrived at independently, without consultation,

communication, or agreement with any others for the purpose of restricting competition, and that

[Subcontractor] has not and will not knowingly disclose the price(s), directly or indirectly, to any

third party."

33.    *United States:*  The term "United States" refers to the United States of America,

including any department, agency, or instrumentality thereof.

34.    Unless otherwise stated, the relevant time period for these Interrogatories is six

years prior to the submission of the original complaint on May 2, 2023 through to the present.

35.    The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine, or neuter form shall include each of the other

genders.

## INTERROGATORIES TO AMENTUM SERVICES, INC. AND URS FEDERAL SERVICES INTERNATIONAL, INC.

INTERROGATORY NO. 1:  Identify all Supplied Goods and Services provided by

subcontractors under FA 8051-20-D-0001, including any task orders, modifications, or

amendments related thereto.

INTERROGATORY NO. 2:  Identify all Contracts, Subcontracts, Modifications, Task Orders,

Delivery Orders, Purchase Orders, or other agreements (including any modifications or

amendments) between You, a Subcontractor, and/or any Contractor and/or third party to provide

8

Supplied Goods and Services.

INTERROGATORY NO. 3:  Identify all Claims submitted to the United States for Supplied Goods and Services.

INTERROGATORY NO. 4:  Identify all Prime Contracts pursuant to any Claim submitted for which claims were submitted to the United States for Supplied Goods and Services.

INTERROGATORY NO. 5:  Identify all RFQs concerning any of the Supplied Goods and Services under FA 8051-20-D-0001.

INTERROGATORY NO. 6:  Identify all RFQ Responses that You received from any party concerning the RFQs.

INTERROGATORY NO. 7:  Identify all formal or informal proposals, pricing submissions, presentations, or descriptions made by You to the United States concerning the Supplied Goods and Services.

INTERROGATORY NO. 8:  Identify all representations, warranties, certifications, or assurances made by You to the United States, whether express or implied, concerning the Supplied Goods and Services.

INTERROGATORY NO. 9:  Identify all policies, procedures, guidelines, or practices in effect during the relevant period concerning the solicitation, evaluation, selection, or approval of the Supplied Goods and Services including the solicitation, evaluation, selection, or approval of any Subcontractors for the Supplied Goods and Services.

INTERROGATORY NO. 10:  Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the preparation or submission of any Claim, and state the general subject matter of the knowledge or information possessed by each such person.

INTERROGATORY NO. 11:  Identify all persons who participated in, reviewed, approved, or

9

have knowledge of, or information concerning, the solicitation of any RFQ, and state the general subject matter of the knowledge or information possessed by each such person.

INTERROGATORY NO. 12:  Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the receipt or evaluation of any RFQ Response, and state the general subject matter of the knowledge or information possessed by each such person.

INTERROGATORY NO. 13:  Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the awarding of any Subcontract, and state the general subject matter of the knowledge or information possessed by each such person.

INTERROGATORY NO.14: Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

Dated:  February 9, 2026          **LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:     */s/ Max Rodriguez*
          Max E. Rodriguez (admitted pro hac vice)
          Bianca Beam (Bar ID 31709)
          (signed by Max Rodriguez with permission of
          Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:     */s/ Raphael Janove*
          Raphael Janove (Bar ID 31824)
          (signed by Max Rodriguez with permission of
          Raphael Janove)

500 7th Avenue, 8th Floor
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law


*Attorneys for Plaintiff-Relator Adam Josephs*

11

EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Adam JOSEPHS,

Plaintiff,

v.

AMENTUM SERVICES, INC., et al.,

Defendants.

Civil Action No.: 1:25-cv-01477-SAG

**DEFENDANTS AMENTUM SERVICES, INC. AND URS FEDERAL SERVICES INTERNATIONAL INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 104, and Appendix A to the Local Rules (Discovery Guidelines), Defendants Amentum Services, Inc. and URS Federal Services International, Inc. ("Amentum Defendants"),[1] by and through undersigned counsel, hereby respond and object to Plaintiff-Relator Adam Josephs' ("Relator") First Set of Requests for Production ("Requests").

**GENERAL OBJECTIONS**

The Amentum Defendants make the following objections, which form a part of the Amentum Defendants' objections to each and every Request and are set forth here to avoid repetition and duplication.  Although some or all of these General Objections may be specifically

---

[1] Relator included DynCorp International LLC ("DynCorp") as one of the parties to whom this request for production was purportedly addressed.  DynCorp was dismissed from this case on November 19, 2025, was not served with these Requests, and is not responding to these Requests.

1

invoked in an objection to a specific Request, failure to mention a General Objection specifically should not be construed as a waiver of any General Objection.

1.    By providing information in response to any of these Requests, the Amentum Defendants do not concede that such information is relevant to the claims or defenses at issue in this case, or that such information supports any allegations in the Requests as phrased. Specifically, the Amentum Defendants' response to any portion of the Requests is made expressly subject to, and without in any way waiving or intending to waive, but on the contrary reserving and intending to reserve:

    a.   any questions or objections as to the existence, competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information provided or of the responses given herein, or of the subject matter thereof, in any proceeding (including the trial of this action or in any subsequent proceeding);

    b.   the right to rely on any facts, documents or other evidence that may develop or come to its attention at a later time;

    c.   the right to object on any ground to the use of information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

    d.   the right to object on any ground at any time to an additional request; and

    e.   the right at any time to revise, supplement, correct, or add to these responses and objections.

2.       The Amentum Defendants object to each Request to the extent it expands, alters, or modifies the scope of permissible discovery under the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Maryland.

3.       The Amentum Defendants object to each Request to the extent it seeks information or documents outside of their possession, custody, or control, or that are not known or reasonably available to the Amentum Defendants.

4.       The Amentum Defendants object to each Request to the extent it requires the disclosure of information or documents subject to a claim of privilege or protection, including, without limitation, those based on the attorney-client privilege, attorney work-product doctrine, or recognized privacy interests. The Amentum Defendants hereby claim such privileges and protections to the extent available, and exclude privileged or protected information and documents from these responses.

5.       Amentum Defendants object to each Request to the extent that it requests information already in Relator's possession, information that is publicly available, information that is more readily available to Relator from the United States (the real-party-in-interest and alleged victim in this case), information that has already been produced by third parties, and information that can be obtained through methods of discovery that are more convenient, less burdensome, or less expensive.

6.       The Amentum Defendants object to the Requests to the extent they request production of all documents or communications concerning a subject when a lesser subset of documents would be sufficient to show pertinent information or where only a lesser subset is relevant to the claims or defenses in this case or because they otherwise purport to require the Amentum Defendants to perform anything more than a reasonable and diligent search for

3

documents from reasonably accessible sources where responsive documents reasonably can be expected to be found.

7. The Amentum Defendants object to the Requests, including Definitions No. 12 and Nos. 14-25, to the extent that they purport to expand, modify, or otherwise alter the meaning of terms beyond their common use by the Amentum Defendants.

8. The Amentum Defendants object to the Requests, including Definition No. 28, to the extent that they call for the production of documents in a manner other than as they are kept in the regular course of business and/or other than agreed by the parties under any production protocol.

9. The Amentum Defendants object to these Requests because discovery must be relevant to Relator's claim, proportional to what is at issue in the case, and not excessively burdensome or expensive as compared to the discovery's likely benefit if obtained.

10. The Amentum Defendants object to these Requests—including Definitions No. 7 (which also conflicts with Definition No. 4), No. 8, No. 13, and No. 26—because they do not take into account the Court's November 19, 2025 Decision and Order (ECF 90, 91) limiting Relator's case to certain defendants and claims.[2] The Amentum Defendants will construe these Requests as only seeking documents relevant to the defendants and claims that remain in this action following the Court's Order and Decision, which involve only the Amentum Defendants, Defendant Dallas Aviation, Inc., Contract FA 8051-20-D-0001, and the so-called "subcontract stacking" claims.

---

[2] The Local Rules' Discovery Guidelines instruct that "[t]he purpose of these Guidelines is to facilitate the just, speedy and inexpensive conduct of discovery in civil cases before the Court . . . . The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives." Further, the local guidance points to a decision cautioning against the service of discovery such as Relator's Requests. *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[L]awyers customarily serve requests that are far broader, more redundant and burdensome than necessary to obtain sufficient facts to enable them to resolve the case through motion, settlement or trial.").

11.     The Amentum Defendants' review of potentially relevant information is ongoing, and these objections and responses are made based on current knowledge, information, and belief. The Amentum Defendants reserve the right to amend, supplement, clarify or change its responses as may be necessary or appropriate.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

**REQUEST NO. 1**: All Prime Contracts and Subcontract Documents Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D-0001 contract documents and contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 2**: All Documents and Communications Concerning Suppliest, Relator or any Subcontractor Defendant.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce documents concerning Suppliest, Relator, and Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 3**: All Documents sufficient to identify the first contact, Communication, and/or meeting (regardless of date) between Amentum and each Subcontractor Defendant, and between each Subcontractor Defendant themselves.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents with Dallas Aviation relevant to Relator's remaining claims.

5

**REQUEST NO. 4**: All Documents and Communications between Amentum and Subcontractor Defendants and between Subcontractor Defendants themselves.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents and communications with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 5**: All Documents and Communications Concerning Subcontractor Defendants' Subcontract Documents for commercial items or services for Amentum or the United States.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 6**: All Documents and Communications Concerning any requirement, policy, procedure, pattern, or practice by Amentum of having, expecting, or requiring at least two quotes or bids from potential Subcontractors when awarding a Subcontract as a Prime Contractor.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce its procurement policies relevant to Relator's remaining claims.

**REQUEST NO. 7:** All Documents and Communications Concerning compliance with legal, regulatory, or contractual requirements Concerning anti-competitive conduct, including conduct as described in the Complaint.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce its compliance policies relevant to Relator's remaining claims.

6

**REQUEST NO. 8:** All Communications between Amentum and any Subcontractor Defendant Concerning any Quotes or Bids Concerning any Contract or Subcontract with the United States or Concerning the Independent Price Certification.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce procurement files and contracting documents with Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 9:** All Documents and Communications sufficient to show the organizational structure of Amentum and each Subcontractor Defendant.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce organizational charts relevant to Relator's remaining claims.

**REQUEST NO. 10:** All Documents sufficient to show all payments, money transfers, compensation, and exchanges of funds, directly or indirectly, between Amentum and Subcontractor Defendants.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce documents sufficient to show the amounts of payments to Dallas Aviation relevant to Relator's remaining claims.

**REQUEST NO. 11:** All Documents and Communications sufficient to show certifications, representations, or warranties made, submitted, provided, or maintained to or for the United States Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002 and Subcontracts thereunder, including Concerning compliance with legal, regulatory, or contractual requirements.

7

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D-0001 contract and invoicing documentation relevant to Relator's remaining claims.

**REQUEST NO. 12:** All Documents and Communications sufficient to show claims submitted to the United States by Amentum Concerning FA 8051-20-D-0001 and FA 8051-20-D-0002, and related payments by the United States based on those claims.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants will produce FA 8051-20-D-0001 invoicing and payment documentation relevant to Relator's remaining claims.

**REQUEST NO. 13:** All Documents that otherwise support Your defenses in this action or that You may use at trial in this action.

**RESPONSE**: Subject to and without waiving their objections, and with the caveat that the Amentum Defendants have not determined what documents they may use at any trial in this action, the Amentum Defendants will produce responsive documents.

Date: March 2, 2026

Respectfully submitted,
*/s/ Douglas W. Baruch*
Douglas W. Baruch (Bar No. 012554)
Jennifer M. Wollenberg (*pro hac vice*)
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
douglas.baruch@morganlewis.com
jennifer.wollenberg@morganlewis.com

*Counsel for Amentum Services, Inc. and*
*URS Federal Services International, Inc.*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 2, 2026, the foregoing was served, per Relator's consent to such service, via email to counsel of record for Relator Adam Josephs.

*/s/ Douglas W. Baruch*
Douglas W. Baruch

EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Adam JOSEPHS,<br><br><br>Plaintiff,<br><br>v.<br><br><br>AMENTUM SERVICES, INC., et al.,<br><br><br>Defendants. | Civil Action No.: 1:25-cv-01477-SAG |

**DEFENDANTS AMENTUM SERVICES, INC. AND URS FEDERAL SERVICES
INTERNATIONAL, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 104, and Appendix A to the Local Rules (Discovery Guidelines), Defendants Amentum Services, Inc. and URS Federal Services International, Inc. ("Amentum Defendants"), by and through undersigned counsel, hereby respond and object to Plaintiff-Relator Adam Josephs' ("Relator") First Set of Interrogatories ("Interrogatories").[1]

**GENERAL OBJECTIONS**

The Amentum Defendants make the following objections, which form a part of the Amentum Defendants' objections to each and every Interrogatory and are set forth here to avoid

---

[1] Because Relator's discovery includes URS Federal Services International, Inc. under the heading "Interrogatories to Amentum Services, Inc. and URS Federal Services International, Inc." on p. 8 of the document, the Amentum Defendants assume the absence of both defendants' names from the document's caption was inadvertent and are treating the interrogatories as if the February 10, 2026 service was on both defendants.

1

repetition and duplication.  Although some or all of these General Objections may be specifically invoked in an objection to a specific Interrogatory, failure to mention a General Objection specifically should not be construed as a waiver of any General Objection.

1.    By providing information in response to any of these Interrogatories, the Amentum Defendants do not concede that such information is relevant to the claims or defenses at issue in this case, or that such information supports any allegations in the Interrogatories as phrased. Specifically, Amentum's response to any portion of the Interrogatories is made expressly subject to, and without waiving or intending to waive, but on the contrary reserving and intending to reserve:

    a.  any questions or objections as to the existence, competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information provided or of the responses given herein, or of the subject matter thereof, in any proceeding (including the trial of this action or in any subsequent proceeding);

    b.  the right to rely on any facts, documents or other evidence that may develop or come to its attention at a later time;

    c.  the right to object on any ground to the use of information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

    d.  the right to object on any ground at any time to an additional request; and

    e.  the right at any time to revise, supplement, correct, or add to these responses and objections.

2.      The Amentum Defendants object to each Interrogatory to the extent it expands, alters, or modifies the scope of permissible discovery under the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Maryland.

3.      The Amentum Defendants object to each Interrogatory to the extent it seeks information or documents outside of their possession, custody, or control, or that are not known or reasonably available to the Amentum Defendants.

4.      The Amentum Defendants object to each Interrogatory to the extent it requires the disclosure of information or documents subject to a claim of privilege or protection, including, without limitation, those based on the attorney-client privilege, attorney work-product doctrine, or recognized privacy interests. The Amentum Defendants hereby claim such privileges and protections to the extent available, and exclude privileged or protected information and documents from these responses.

5.      The Amentum Defendants object to each Interrogatory to the extent it requests information already in Relator's possession, information that is publicly available, information that is more readily available to Relator from the United States (the real-party-in-interest and alleged victim in this case), information that has already been provided by third parties, and information that can be obtained through methods of discovery that are more convenient, less burdensome, or less expensive.

6.      The Amentum Defendants object to the Interrogatories to the extent they request identification of all documents or information concerning a subject when a lesser subset of documents or information would be sufficient or where only a lesser subset is relevant to the claims or defenses in this case or because they otherwise purport to require the Amentum Defendants to

3

perform anything more than a reasonable and diligent search for information from reasonably accessible sources where responsive information reasonably can be expected to be found.

7.    The Amentum Defendants object to the Interrogatories, including Definitions No. Nos. 17-33, to the extent that they purport to expand, modify, or otherwise alter the meaning of terms beyond their common use by the Amentum Defendants.

8.    The Amentum Defendants object to Relator's inclusion of definitions for terms not used in the Interrogatories.

9.    The Amentum Defendants object to these Interrogatories because discovery must be relevant to Relator's claim, proportional to what is at issue in the case, and not excessively burdensome or expensive as compared to the discovery's likely benefit if obtained.

10.    The Amentum Defendants object to these Interrogatories—including Definitions No. 11 (which also conflicts with Definition No. 8), No. 12, No. 16, and No. 34—because they do not take into account the Court's November 19, 2025 Decision and Order (ECF 90, 91) limiting Relator's case to certain defendants and claims.[2]  The Amentum Defendants will construe these Interrogatories as only seeking the identification of documents or information relevant to the defendants and claims that remain in this action following the Court's Order and Decision, which involve only the Amentum Defendants, Defendant Dallas Aviation, Inc., Contract FA 8051-20-D-0001, and the so-called "subcontract stacking" claims.

11.    The Amentum Defendants' review of potentially relevant information is ongoing, and these objections and responses are made based on current knowledge, information, and belief.

---

[2] The Local Rules' Discovery Guidelines instruct that "[t]he purpose of these Guidelines is to facilitate the just, speedy and inexpensive conduct of discovery in civil cases before the Court . . . . The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives." Further, the local guidance points to a decision cautioning against the service of discovery such as Relator's Requests. *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[L]awyers customarily serve requests that are far broader, more redundant and burdensome than necessary to obtain sufficient facts to enable them to resolve the case through motion, settlement or trial.").

The Amentum Defendants reserve the right to amend, supplement, clarify, or change their responses as may be necessary or appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**: Identify all Supplied Goods and Services provided by subcontractors under FA 8051-20-D-0001, including any task orders, modifications, or amendments related thereto.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the purchase orders listed below provide information about the awards to Dallas Aviation, including the particular item(s) Dallas Aviation was to provide.

- OAR0000019
- OAR0000025
- OAR0000026
- OAR0000043
- OAR0000047
- OAR0000051
- OAR0000070
- OAR0000076
- OAR0000080
- OAR0000090
- OAR0000092
- OAR0000105
- OAR0000161

5

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329

**INTERROGATORY NO. 2**: Identify all Contracts, Subcontracts, Modifications, Task

Orders, Delivery Orders, Purchase Orders, or other agreements (including any modifications or

6

amendments) between You, a Subcontractor, and/or any Contractor and/or third party to provide Supplied Goods and Services.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following purchase orders awarded to Dallas Aviation.

- OAR0000019
- OAR0000025
- OAR0000026
- OAR0000043
- OAR0000047
- OAR0000051
- OAR0000070
- OAR0000076
- OAR0000080
- OAR0000090
- OAR0000092
- OAR0000105
- OAR0000161
- OAR0000183
- OAR0000187
- OAR0000220
- OAR0000245
- OAR0000253

7

- OAR0000255
- OAR0000257
- OAR0000278
- OAR0000285
- OAR0000288
- OAR0000290
- OAR0000298
- OAR0000299
- OAR0000308
- OAR0000311
- OAR0000313
- OAR0000322
- OAR0000326
- OAR0000329

Additionally, the Amentum Defendants identify the following "vendor file" documents for Dallas Aviation from 2021 to 2022:

- Supplier Annual Representation and Certifications
- Annual Supplier Certification Form
- Commercial Terms & Conditions
- Certificates of Insurance

The Amentum Defendants also identify Master Agreement Number 2017-4-302, which was assigned to Amentum on August 16, 2021, was extended to cover 2021 and 2022, and had a number of part and pricing additions and updates.

**INTERROGATORY NO. 3**: Identify all Claims submitted to the United States for Supplied Goods and Services.

**RESPONSE:** Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices to the government that include, among a number of non-responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above.

- BVN002

- BVN003

- BVN004

- BVN006

- BVN007

- BVN010

- BVN011

- BVN014

- BVN015

- BVN016

- BVN021

- BVN027

- BVN031

9

- BVN033

- BVN034

- BVN035

- BVN036

- BVN038

**INTERROGATORY NO. 4**: Identify all Prime Contracts pursuant to any Claim submitted for which claims were submitted to the United States for Supplied Goods and Services.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following:

- FA 8051-20-D-0001, Order No. FA805121F0058

**INTERROGATORY NO. 5**: Identify all RFQs concerning any of the Supplied Goods and Services under FA 8051-20-D-0001.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including requests for quotes or bids.

- OAR0000019

- OAR0000025

- OAR0000026

- OAR0000043

- OAR0000047

10

- OAR0000051

- OAR0000070

- OAR0000076

- OAR0000080

- OAR0000090

- OAR0000092

- OAR0000105

- OAR0000161

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329


**INTERROGATORY NO. 6**: Identify all RFQ Responses that You received from any party concerning the RFQs.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including responses to requests for quotes or bids.

- OAR0000019

- OAR0000025

- OAR0000026

- OAR0000043

- OAR0000047

- OAR0000051

- OAR0000070

- OAR0000076

- OAR0000080

- OAR0000090

- OAR0000092

- OAR0000105

12

- OAR0000161

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329

**INTERROGATORY NO. 7:** Identify all formal or informal proposals, pricing submissions, presentations, or descriptions made by You to the United States concerning the Supplied Goods and Services.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify documents such as the following invoices that include, among a number of non-responsive and irrelevant items, descriptions of the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above.

- BVN002
- BVN003
- BVN004
- BVN006
- BVN007
- BVN010
- BVN011
- BVN014
- BVN015
- BVN016
- BVN021
- BVN027
- BVN031

14

- BVN033

- BVN034

- BVN035

- BVN036

- BVN038

The Amentum Defendants also identify documents that will be included in their document production such as reports entitled "Subcontracting Report for Individual Contracts."

**INTERROGATORY NO. 8:** Identify all representations, warranties, certifications, or assurances made by You to the United States, whether express or implied, concerning the Supplied Goods and Services.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices that include, among a number of non-responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above and any certification submitted with the invoice.

- BVN002

- BVN003

- BVN004

- BVN006

- BVN007

15

- BVN010

- BVN011

- BVN014

- BVN015

- BVN016

- BVN021

- BVN027

- BVN031

- BVN033

- BVN034

- BVN035

- BVN036

- BVN038

**INTERROGATORY NO. 9**: Identify all policies, procedures, guidelines, or practices in effect during the relevant period concerning the solicitation, evaluation, selection, or approval of the Supplied Goods and Services including the solicitation, evaluation, selection, or approval of any Subcontractors for the Supplied Goods and Services.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following

16

procurement policies in effect at some point in 2021 and 2022 when the purchase orders identified in response to Interrogatory 2 above were awarded.

- Procurement Manual, Policy 09.300-100.000

- Competition, SCM-715-1E

- Best Value, SCM-715-2D

**INTERROGATORY NO. 10:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the preparation or submission of any Claim, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following invoices to the government that include, among a number of non-responsive and irrelevant items, the items provided by Dallas Aviation pursuant to the purchase orders identified in response to Interrogatory 2 above and the identity of individuals involved with the submission of the invoice.

- BVN002

- BVN003

- BVN004

- BVN006

- BVN007

- BVN010

- BVN011

- BVN014

17

- BVN015

- BVN016

- BVN021

- BVN027

- BVN031

- BVN033

- BVN034

- BVN035

- BVN036

- BVN038

**INTERROGATORY NO. 11:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the solicitation of any RFQ, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including the identification of persons involved with the solicitation.

- OAR0000019

- OAR0000025

- OAR0000026

- OAR0000043

18

- OAR0000047

- OAR0000051

- OAR0000070

- OAR0000076

- OAR0000080

- OAR0000090

- OAR0000092

- OAR0000105

- OAR0000161

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329

**INTERROGATORY NO. 12**: Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the receipt or evaluation of any RFQ Response, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including identification of persons involved with evaluating responses to requests for quotes or bids.

- OAR0000019

- OAR0000025

- OAR0000026

- OAR0000043

- OAR0000047

- OAR0000051

- OAR0000070

- OAR0000076

20

- OAR0000080

- OAR0000090

- OAR0000092

- OAR0000105

- OAR0000161

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329


**INTERROGATORY NO. 13:** Identify all persons who participated in, reviewed, approved, or have knowledge of, or information concerning, the awarding of any Subcontract, and state the general subject matter of the knowledge or information possessed by each such person.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants state that the procurement files associated with the following list of purchase orders provide information about the awards to Dallas Aviation, including identification of persons involved with the issuance of the purchase order.

- OAR0000019
- OAR0000025
- OAR0000026
- OAR0000043
- OAR0000047
- OAR0000051
- OAR0000070
- OAR0000076
- OAR0000080
- OAR0000090
- OAR0000092
- OAR0000105

22

- OAR0000161

- OAR0000183

- OAR0000187

- OAR0000220

- OAR0000245

- OAR0000253

- OAR0000255

- OAR0000257

- OAR0000278

- OAR0000285

- OAR0000288

- OAR0000290

- OAR0000298

- OAR0000299

- OAR0000308

- OAR0000311

- OAR0000313

- OAR0000322

- OAR0000326

- OAR0000329

**INTERROGATORY NO. 14:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE**: Subject to and without waiving their objections, and consistent with the Court's November 19, 2025 Decision and Order, the Amentum Defendants identify the following:

- Jacquelyn Briggs – government contracting and procurement

- Genifer Clark – government contracting and procurement

- Joe Clark – government contracting and procurement

- Billy Harlin – government contracting and procurement

- Jeff Johnson - government contracting and procurement

- Cynthia Ray – government contracting and procurement

- Tim Short – government contracting and procurement

- Rob Tillery – government contracting and procurement

Date: March 12, 2026

Respectfully submitted,
*/s/ Douglas W. Baruch*
Douglas W. Baruch (Bar No. 012554)
Jennifer M. Wollenberg (*pro hac vice*)
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
douglas.baruch@morganlewis.com
jennifer.wollenberg@morganlewis.com

*Counsel for Amentum Services, Inc. and*
*URS Federal Services International, Inc.*

24

**VERIFICATION**

I, Billy Harlin, am Senior Vice President of Global Supply Chain at Amentum Services, Inc. I make this verification pursuant to Fed. R. Civ. P. 33(b)(5). I have reviewed the foregoing Defendants Amentum Services, Inc. and URS Federal Services, Inc.'s Responses to Plaintiff Adam Josephs' First Set of Interrogatories (the "Responses"), which were prepared with the assistance of counsel.

Based on my review and a reasonable inquiry, I believe the foregoing Responses are true and correct to the best of my knowledge, information, and belief as to interrogatories concerning my experience, and with regard to other interrogatories seeking other facts, they are being supplied by counsel for Amentum Services, Inc. and URS Federal Services, Inc. and I believe them to be correct and true. The Responses, where seeking information based upon my own knowledge, are true and accurate. I reserve the right to make changes in or additions to, or otherwise provide supplementary responses to, any of these Responses.

I declare under penalty of perjury that the foregoing is correct.

Executed on:__3/11/2026_____

By: **Billy Harlin**

Digitally signed by Billy Harlin
DN: cn=Billy Harlin, o=Amentum, ou=Global Supply Chain Management , email=billy.harlin@amentum.com
Date: 2026.03.11 17:52:15 -05'00'

Billy Harlin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 12, 2026, the foregoing was served, per Relator's consent to such service, via email to counsel of record for Relator Adam Josephs.

/s/ Douglas W. Baruch
Douglas W. Baruch

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC., et al.<br><br>Defendants. | CIVIL ACTION NO. 1:25-cv-01477-SAG |

**LOCAL RULE 104.7 CERTIFICATE**

Plaintiff-Relator Adam Josephs ("Plaintiff-Relator" or "Relator"), hereby submits this Certificate, by and through his undersigned counsel, and states as follows:

1. Pursuant to Local Rule 104.8, Relator served a motion to compel discovery responses on Defendants Amentum Services, Inc. and URS Federal Services International, Inc. ("Amentum Defendants") on March 26, 2026.

2. On January 30, 2026, Relator served his first Request for Production on URS and Amentum. On February 9, 2026, Relator served his first Request for Interrogatories on URS and Amentum. On March 2, 2026, URS and Amentum Served its objections and responses.

3. On March 5, 2026 Relator and the Amentum Defendants met and conferred.

4. On March 12, 2026, URS and Amentum served its objections and responses to Relator's First Requests for Production and First Interrogatories.

1

5. On March 16 2026, Relator and the Amentum Defendants met and conferred. During a meet and confer on March 16, the Amentum Defendants requested that Relator provide a written statement of his position on the scope of the claims remaining in this case because the Amentum Defendants did not understand Relator's position.

6. Relator did so in a letter dated March 17, 2026.

7. The Amentum Defendants responded on March 20, 2026, not by substantively engaging with Relator's position and providing a defensible basis for their position, but with a dismissal of Relator's letter stating it "does not answer the questions we raised on Monday's meet and confer and does not change our clients' view on the scope issue you raised about Amentum and URS's RFP responses and objections."

8. Relator then requested an additional meet and confer to explain the letter to the Amentum Defendants. On that call, on March 24, 2026 the Amentum Defendants confirmed that their position was unchanged and refused to substantively respond to the arguments set forth in Relator's March 17 letter. The parties agreed that they are at an impasse.

2

Date: March 26, 2026                    Respectfully submitted,

                                                **LAW OFFICE OF MAX RODRIGUEZ PLLC**

                                                By:____*/s/ Max Rodriguez*_____
Max E. Rodriguez (admitted pro hac vice)
Bianca Beam (Bar ID 31709)
(signed by Max Rodriguez with permission of Bianca Beam)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By:____*/s/ Raphael Janove*_____
Raphael Janove (Bar ID 31824)
(signed by Max Rodriguez with permission of Raphael Janove)

115 Broadway, 5th Floor
New York, NY 10006
Tel: (646) 347-3940
raphael@janove.law

**Attorneys for Plaintiff-Relator**

3