**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Adam JOSEPHS,<br><br>        Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC., et al.,<br><br>        Defendants. | Civil Action No.: 1:25-cv-01477-SAG-CJC |

**DEFENDANTS AMENTUM SERVICES, INC.'S AND URS FEDERAL SERVICES
INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN
OPPOSITION TO RELATOR'S MOTION TO COMPEL**

Defendants Amentum Services, Inc. and URS Federal Services International, Inc. ("Amentum Defendants") respectfully submit this Motion for Leave to file a short sur-reply in order to respond to arguments raised for the first time in Relator's reply in support of his motion to compel (ECF 118-5) and to provide relevant information that will aid the Court in reaching a decision. In support of this motion, the Amentum Defendants state as follows:

1. Relator served his Motion to Compel on March 26, 2026.

2. The Amentum Defendants served their Opposition on April 9, 2026.

3. Relator served his Reply after 10:00 P.M. on April 13, 2026, and did not request a meet and confer. Approximately twenty minutes later, Relator filed his Motion to Compel. ECF 115. The next day, the Court denied the motion given Relator's failure to comply with the Local Rule requiring that parties confer following briefing. ECF 117.

4. The Amentum Defendants and Relator finally conferred on April 22, 2026. During that conference, the Amentum Defendants raised their concerns about the Reply.

5. Thereafter, Relator re-filed his Motion to Compel, including the same Reply. ECF 118.

1

6. Relator's Reply raises arguments and cites authority not addressed in Relator's moving brief.  In particular, Relator argues in the Reply that (1) the Amentum Defendants waived their objections by not affirmatively seeking a protective order (ECF 118-5 at 5-6), and (2) Relator consistently has maintained his current, expansive view of the Complaint and that the Amentum Defendants have somehow admitted as much (*Id*. at 5).

7. As described in more detail in the attached Sur-Reply, neither of these new arguments is correct for the following reasons:

   a. The Defendants' motions to dismiss sought dismissal of Relator's entire Complaint on multiple grounds, including Relator's failure to allege his claims with particularity as required under Rule 9(b).  ECF 66, 67, 70, 71.

   b. In opposing those motions to dismiss, Relator did not contend—as he does now—that his Complaint alleged a "pattern and practice" by the Amentum Defendants or a wide-ranging scheme involving multiple unidentified prime contracts and multiple unidentified subcontractors.  In fact, Relator did not use the term "pattern and practice" anywhere in his Opposition.  ECF 77.  Rather, in attempting to defeat Defendants' motions to dismiss by showing that he had pled the requisite particulars, Relator narrowly described his "scheme" allegation as only involving the three, then-named subcontractor defendants and one task order under one prime contract.  *Id*. at 1-2.  In doing so, Relator must have realized that his few throw-away, speculative Complaint comments about unidentified subcontractors under unidentified prime contracts would not pass muster under Rule 9(b) (and perhaps not even under Rule 8(a)).

c.  Thereafter, the Court issued a Motion to Dismiss decision.  ECF 90.  Notably, even though the Court's decision describes Relator's allegations, it never references supposed "pattern and practice" allegations, any other prime contract, or any subcontractors other than those named as defendants.  *Id.* at 2-7 (describing Relator's Complaint).  The Court's decision—especially when read as a whole instead of taking two statements out of context as Relator does now—shows the Court viewed Relator's Complaint as Relator himself did in opposing the motions to dismiss: as involving (a) the named defendants under (b) one task order under one prime contract.  *Id.*

d.  Further, in dismissing two of the three subcontractor defendants and one of the prime contractor defendants (because Relator failed to adequately plead beyond the one task order under the one prime contract), the Court narrowed the allegations on which Relator could proceed.  Indeed, the Court provided a very different and much more limited description of the alleged "scheme" and "routine" practice than Relator now claims justifies his Motion to Compel.

e.  Accordingly, Relator's Reply incorrectly claims that he always has maintained his current expansive view of his Complaint.  And Relator (incorrectly) asserts in his Reply for the first time—pointing to a wholly inapposite case that is not referenced in Relator's moving brief—that the Amentum Defendants somehow waived their right to object to Relator's overbroad and non-proportional discovery by not seeking a protective order.  The Amentum Defendants certainly would have the right to seek protection from the Court under these circumstances: where (a) in trying to survive motions to dismiss by showing particularity, Relator described his

3

claims as extremely limited, involving one tasking over four months (September 2021 to January 2022) under one prime contract and involving three subcontractors, (b) the Court issued a Motion to Dismiss decision that allowed Relator to go forward only as to that one tasking under that one prime contract and only with respect to one of the three identified subcontractors, and (c) Relator continues to pursue discovery into what would likely be dozens or more prime contacts with the United States (including contracts with military and classified contracts) over a multi-year period involving hundreds if not thousands of subcontractors. While they would be justified in seeking a protective order, the Amentum Defendants were not obligated to seek one, particularly when they agreed to provide—and have provided—discovery that matched the remaining claims in this action following the Court's order dismissing claims and defendants.

8. Sur-replies are appropriate upon a showing of need. *Bezek v. First Nat'l Bank of Pennsylvania*, No. 17-CV-2902, 2023 WL 348967, at *4 (D. Md. Jan. 20, 2023) (Gallagher, J.). A need exists if the adverse party raises new legal issues or new theories in his reply brief, or when a party "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.*

9. The Court may also allow a sur-reply "[i]n the interest of deciding all of the issues [] on their substantive merits rather than their procedural propriety[.]" *Brightview Grp., LP v. Glynn*, No. 21-CV-3027, 2022 WL 743937, at *5 (D. Md. Mar. 11, 2022) (Gallagher, J.); *Carrasco v. M&T Bank*, No. 21-CV-532, 2021 WL 4846844, at *8 (D. Md. Oct. 18, 2021) (Gallagher, J.). A sur-reply can be allowed if it "provides argument and discussion that is relevant and will aid the Court in reaching a decision." *Miller v.*

*Prince George's Cnty. Gov't*, No. 17-CV-1521, 2018 WL 10720903, at *1 (D. Md. Apr. 30, 2018).

10. Because Relator delayed making these arguments until his Reply, a sur-reply is needed to permit the Amentum Defendants the opportunity to respond.  Further, the Amentum Defendants believe a sur-reply will aid this Court's decision-making and allow the issue to be decided on the merits.  A copy of the Amentum Defendants' proposed Sur-reply is attached hereto as Exhibit A.

11. The Amentum Defendants' counsel requested, but did not obtain, Relator's consent to this motion during the parties' meet-and-confer on April 22, 2026.

WHEREFORE, the Amentum Defendants respectfully request the Court grant them leave to file the Sur-Reply attached hereto as Exhibit A.

Date: April 24, 2026                                    Respectfully submitted,

*/s/ Douglas W. Baruch*
Douglas W. Baruch (Bar No. 012554)
Jennifer M. Wollenberg (*pro hac vice*)
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
douglas.baruch@morganlewis.com
jennifer.wollenberg@morganlewis.com

*Counsel for Amentum Services, Inc. and*
*URS Federal Services International, Inc.*

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of April, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Douglas W. Baruch*
Douglas W. Baruch