**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS, | |
| Plaintiff, | Civil Action No.: 1:25-cv-01477-SAG |
| v. | |
| AMENTUM SERVICES, INC. *et al.*, | |
| Defendants. | |

RELATOR'S PARTIAL OPPOSITION TO
THE AMENTUM DEFENDANTS' MOTION FOR LEAVE TO FILE A
**<u>SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO COMPEL</u>**

Plaintiff-Relator Adam Josephs ("Relator") respectfully submits this Partial Opposition to the Amentum Defendants' Motion for Leave to file a sur-reply, ECF 120 (the "Motion for Leave").[1]

While the waiver issue itself is otherwise fully briefed as discussed below, as a matter of courtesy Relator does not oppose a sur-reply limited to addressing *Mezu v. Morgan State University*, 269 F.R.D. 565 (D. Md. 2010), which Relator cited for the first time in his reply brief in further support of his motion to compel (the "Reply"). Reply, ECF 118-5 at 5–6.[2] To that narrow extent—and only to that extent—the Amentum Defendants may file a short responsive sur-reply.

---

[1] The Amentum Defendants omit the fact that Relator in the April 22, 2026 recorded meet and confer with the Amentum Defendants explained that he would not oppose a sur-reply on the limited issue of the *Mezu* case citation, but needed to review the scope of the sur-reply to confirm his position.

[2] Ironically, the Amentum Defendants admit in their proposed sur-reply that they are unilaterally limiting compliance with their discovery obligations based on their unilateral misinterpretation of the Court's order

Relator opposes the majority of the Motion for Leave. The proposed sur-reply repackages arguments already made by the Amentum Defendants in their opposition to Relator's motion to compel (the "Opposition"). Sur-replies are disfavored in this District, and the Amentum Defendants have not shown the requisite need as to any other aspect of their proposed sur-reply. Section I rehashes the Amentum Defendants' position that Relator's pattern-or-practice allegations were inadequately pled in his First Amended Complaint. Proposed Sur-reply, ECF 120-1 at 2–5. Section II reargues the meaning of the Court's November 19, 2025 decision—an issue squarely addressed in both Relator's motion to compel and the Opposition. Proposed Sur-reply, ECF 120-1 at 6–7. Section III, apart from its brief *Mezu* discussion, elaborates on the Amentum Defendants' view that they did not waive their defense to the pattern-or-practice argument at the motion to dismiss stage. Proposed Sur-reply, ECF 120-1 at 7–9. Finally, the proposed sur-reply contains a number of misrepresentations, particularly regarding the Amentum Defendants' purported compliance with their discovery obligations. The Amentum Defendants have not just repeatedly failed to satisfy their discovery obligations. They have begun openly flouting them by refusing to even respond to correspondence on the topic of Relator's outstanding objections, which have been communicated repeatedly over the last five weeks since they finally began producing materials.

## LEGAL ARGUMENT

I. **Sur-Replies are Disfavored and Granted Only When the Reply Raises New Issues, Which Isn't the Case Here**

---

granting in part the Motion to Dismiss—the very action that is disfavored by courts in this context. *See, e.g.*, *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (D. Md. 2010).

Under Local Rule 105.2(a), "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." LR 105.2(a). Consistent with that rule, courts in this District grant leave to file sur-replies sparingly and only when "new <u>legal issues</u> or <u>new theories</u>" are raised in a reply. *Bezek v. First Nat'l Bank of Pennsylvania*, No. CV SAG-17-2902, 2023 WL 348967, at *4 (D. Md. Jan. 20, 2023) (Gallagher, J) (emphasis added). A sur-reply is not a vehicle to repeat arguments already made or to obtain the last word. As discussed below, instead of meeting this standard, the Amentum Defendants restate their same arguments already provided in their Opposition to the Motion to Compel.

## II. The Pattern-or-Practice or Scheme Framing, Drawn Directly from the First Amended Complaint and the Court's Order Granting in Part the Motion to Dismiss was the Centerpiece of Relator's Motion to Compel, Not a New Argument in the Reply.

Relator's Motion to Compel devoted substantial briefing to his scheme or pattern-or-practice argument.[3] Relator's Mot. to Compel, ECF 118 at 15–18. The argument was squarely presented in the opening brief, and the Amentum Defendants' own Opposition confirms as much. For example, in the Amentum Defendants' Opposition to Relator's Motion to Compel, they expressly characterize the pattern-or-practice argument as "Relator's new contention that this overbroad discovery should be allowed because Defendants' Motions to Dismiss did not challenge Relator's purported 'pattern-or-practice' allegations…." Amentum Defendants' Opp. to Mot. to Compel, ECF 118-2 at 4. The argument cannot simultaneously be "new" in Relator's opening brief, as the Amentum

---

[3] Relator's argument that the Amentum Defendants' scheme is representative of a pattern-or-practice of subcontract stacking is hardly new. It was not only discussed in Relator's Motion to Compel but also pled in the First Amended Complaint and then consistently discussed at meet and confers with the Amentum Defendants and also in the March 17, 2026, letter to the Amentum Defendants following the March 16 meet and confer. See e.g., Letter dated March 17, 2026, to the Amentum Defendants Exhibit A to Relator's Motion to Compel, see ECF 118 at 24–25.

Defendants explained to the Court in their Opposition, and "new" in Relator's Reply, as they now contend in seeking leave to file a sur-reply.

Indeed, the Amentum Defendants' Opposition engages with the pattern-or-practice issue repeatedly, and at length. Amentum Defendants' Opp. to Mot. to Compel, ECF 118-2 at 4–6. A party cannot devote pages of its Opposition to an issue, and then ask this Court to believe that same issue surfaced for the first time in the Reply.

The same is true of the issue the Amentum Defendants seek to raise in Section II of their proposed sur-reply: that the "Motion to Dismiss Decision Does Not Support Relator's Current Expansive View of His Claims." Proposed Sur-reply, ECF 120-1 at 6–7. This is not a new issue either. Again, the Amentum Defendants devoted several pages of their Opposition to the very same point under the heading that the "Court's Motion to Dismiss Decision Narrowed Relator's Claims." Amentum Defendants' Opp. to Mot. to Compel, ECF 118-2 at 4–7. In other words, the proposed sur-reply is almost exclusively an improper second bite at the apple.

### III.    The Waiver Argument Was Already Fully Briefed

Section III of the proposed sur-reply argues that the Amentum Defendants did not waive their scope of discovery objections by declining to challenge Relator's pattern-or-practice allegations at the motion to dismiss stage. Proposed Sur-reply, ECF 120-1 at 7–8. Again, the Amentum Defendants were not responding to new arguments. The issue of waiver was clearly spelled out in Relator's Motion to Compel when Relator highlighted that "[c]ritically, no defendant challenged the FAC's broader pattern-or practice allegations at the motion-to dismiss stage." Relator's Motion to Compel, ECF 118 at 16. Relator further explained in his motion to compel that his allegations "supported the pattern-or-practice allegations with detailed factual content in the FAC—and those allegations were

neither challenged at the motion-to-dismiss stage nor disturbed by this Court's ruling." Relator's Motion to Compel, ECF 118 at 17.

The Amentum Defendants acknowledged that argument in their Opposition, disagreeing with Relator's supposedly "new contention that this overbroad discovery should be allowed because Defendants' Motions to Dismiss did not challenge Relator's purported 'pattern-or-practice' allegations." Amentum Defendants' Opp. to Mot. to Compel, ECF 118-2 at 4.

The Amentum Defendants' decision to dismiss Relator's waiver argument as "nonsensical" rather than engage with it on the merits in their Opposition was theirs to make. Opp. to Mot. to Compel, ECF 118-2 at 4.

But having chosen that path, they cannot now treat the same argument from Relator's moving brief as a new issue warranting a sur-reply.

## IV.    The Amentum Defendants Have Not Complied with Their Discovery Obligations, Even Under Their Unilateral Narrowed Scope.

The proposed sur-reply also contains a number of inaccuracies on issues outside the scope of the Amentum Defendants' requested relief. But having been raised, they require response. Most prominently, the Amentum Defendants' repeatedly claim that they have satisfied their discovery obligations even under their own (incorrect) narrow view of the case.

The Amentum Defendants assert in their proposed sur-reply that they "agreed to produce (and, in fact, have produced) discovery that matches the remaining claims in this action." Proposed Sur-reply, ECF 120-1 at 8. Not so.

Even on the Amentum Defendants' own unilateral, incorrect, narrow view of the case, core categories of documents that go directly to liability and damages remain

outstanding. Among other things, Relator has still not received core contract documents under contract FA 8051-20-D-0001 that bear directly on damages related to Dallas Aviation subcontracts—documents that are unquestionable in the Amentum Defendants' possession, custody, and control and relevant even under the Amentum Defendants' unilaterally narrowed claim about the scope of the case. Despite multiple requests in email correspondence, those documents have not been produced.

Beyond the missing documents, several additional deficiencies in the Amentum Defendants' productions remain unresolved.

First, the productions omitted standard metadata, specifically the Text folder and the .dat and .opt load files, preventing Relator's counsel from uploading the production to a document review platform with metadata, despite the parties' agreement to include such metadata.

Second, the Amentum Defendants designated approximately 393 of the 425 documents in the First Production as Attorneys' Eyes Only, including a document Relator himself filed. This reflects an overuse of a classification that should be reserved for sparing application.

Third, the email production was strikingly narrow. In the First Production there were only 65 emails, many of them duplicates, with over a third originating from just three custodians, raising serious questions about which custodians were searched and what search terms were used. While the lack of adequate metadata makes a precise count difficult, the Amentum Defendants appear to have produced only approximately 150 emails across all four productions. That volume of production is facially implausible given

the scale and duration of the contracting relationships at issue and strongly indicates that Amentum's custodial and search-term selections were materially deficient.

Fourth, while a handful of chat messages appeared in the Third Production, the Amentum Defendants have yet to identify which ESI sources were searched, the custodians or terms applied, and what other platforms, including Slack, Teams, text messages and messaging apps, and personal accounts or devices, have been searched at all. Beyond a perfunctory claim of a lack of awareness about any other sources of ESI, the Amentum Defendants — consistent with their practice on other outstanding discovery deficiencies — have not answered these questions.

On March 26, 2026, Relator wrote to the Amentum Defendants outlining these production deficiencies. Ex. A at 1. On April 7, 2026, Relator wrote to the Amentum Defendants again. Ex. B at 1. Relator also reattached the March 26 email highlighting the deficiencies. Ex. B at 12. On April 17, 2026, Relator wrote to the Amentum Defendants a third time regarding the production deficiencies. Ex. C at 1–2. Relator also reattached the March 26 and April 7 emails highlighting those same deficiencies Ex. C at 7, 18. On April 22, 2026, Amentum Defendants provided a response that did not correct the production deficiencies. Ex. D at 1–2. As mentioned above, Relator has separately requested metadata for all documents the Amentum Defendants have produced to date, and that request likewise remains unfulfilled. *See* Ex. A at 1, Ex. B at 1, Ex. C at 1–2, Ex. D at 1–2.

## **CONCLUSION**

For the reasons set forth above, Relator respectfully requests that the Court deny the Motion for Leave except for the limited extent it seeks to address *Mezu v. Morgan State University* and order any permitted sur-reply to be strictly limited to that single case.

7

Dated:  May 1, 2026                    Respectfully submitted,

**LAW OFFICE OF MAX RODRIGUEZ PLLC**

By:___Max E. Rodriguez____
Max E. Rodriguez (admitted pro hac vice)
Bianca Beam (Bar ID 31709)
(signed by Bianca Beam with permission of Max
Rodriguez)

575 5th Avenue, 14th Floor
New York, NY 10017
Tel: (646) 741-5167
max@maxrodriguez.law
bianca@maxrodriguez.law

**JANOVE PLLC**

By: */s/ Raphael Janove*
Raphael Janove (Bar ID 31824)
(signed by Bianca Beam with permission of Raphael
Janove)
115 Broadway, 5th Fl.
New York, NY 10006
Tel: (646) 347-3940
raphael@janove.law

*Attorneys for Plaintiff-Relator Adam Josephs*