**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Adam JOSEPHS,<br><br>       Plaintiff,<br><br>v.<br><br>AMENTUM SERVICES, INC., et al.,<br><br>       Defendants. | Civil Action No.: 1:25-cv-01477-SAG-CJC |

**DEFENDANTS AMENTUM SERVICES, INC.'S AND URS FEDERAL
SERVICES INTERNATIONAL, INC.'S SUR-REPLY
<u>IN OPPOSITION TO RELATOR'S MOTION TO COMPEL</u>**

Amentum Services, Inc. and URS Federal Services International, Inc. (the "Amentum Defendants") respectfully request that the Court deny Relator's Motion to Compel, ECF 118 ("Motion" or "Mot."). To the extent that Relator has adequately pled any "pattern or practice" allegation at all, that allegation is limited to the AFCAP V prime contract awarded to URS and the subcontractors named in the Complaint. The Amentum Defendants already have produced or agreed to produce documents relating to that contract and the one remaining subcontractor Defendant in this case. Relator's *post hoc* attempt to recast his Complaint as alleging a far broader "pattern and practice" across multiple unidentified contracts and multiple unidentified subcontractors does not withstand scrutiny. Accordingly, Relator's efforts to compel discovery are vastly overbroad, not proportionate to the remaining claims in his Complaint, and should be rejected.

In his Reply, ECF 118-5, Relator asserts that he is not re-casting his claims and that he has always maintained his current expansive view of his Complaint. Reply at 5. But that assertion is

1

demonstrably untrue. Neither Relator nor the Court previously described Relator's Complaint as making widespread "pattern and practice" allegations. Nor would Relator have any good faith basis for making such an assertion, as his company's brief and isolated interaction with the Amentum Defendants—which forms the basis for his allegations—was limited to one Task Order under the AFCAP V contract. Recognizing the limitations of his remaining claims, and the lack of evidence to support them, Relator is now casting his fishing line in the waters of likely dozens of other government contracts—none of which he identifies, but which likely would include military and classified contracts over a multi-year period involving hundreds if not thousands of subcontractors—in the hopes of finding some procurement irregularity he can reel in.

But that fishing expedition is grossly improper and would require ignoring the actual allegations in the Complaint, which do not make "clear" widespread "pattern and practice" allegations as Relator now claims. Relator's attempt to expand discovery in this manner also would require ignoring Relator's Motion to Dismiss briefing, including his express concession that his case is limited to a "scheme" involving just the three subcontractors named as defendants and just one task order under one prime contract. And Relator's efforts require ignoring the Court's Motion to Dismiss decision, which never recognizes, much less finds adequately pled, any widespread "pattern and practice" allegation by Relator and which ***narrowed*** the Complaint allegations by dismissing most of Relator's claims and three of the six original Defendants.

Discovery must be relevant and proportional. What Relator seeks is neither. And Relator's Reply is simply wrong to claim that the Amentum Defendants have somehow waived their objections to Relator's grossly overbroad and disproportionate requests.

**I.**      <u>**Relator's Complaint Does Not Include Viable Broad Pattern and Practice Allegations, a Fact Conceded by Relator in His Motion to Dismiss Opposition**</u>

Relator's Reply claims that his supposed broad "pattern or practice allegations" in his

Complaint "provide the foundation for the scope of discovery Relator seeks." Reply at 4. Relator points to only six paragraphs in the Amended Complaint as "clearly" containing those allegations. Mot. at 15 (citing FAC ¶¶ 121, 138, 140-41, 157, 163). But there are no such pattern or practice allegations in the Complaint, much less ones that would pass Rule 9(b) pleading requirements.

Notably, each of the six paragraphs Relator identifies is under a heading specific to the three originally-named subcontractor defendants' alleged conduct—not a "pattern or practice" or other heading suggesting a widespread practice or policy. And the contents of those paragraphs allege conduct attributed to the three originally-named subcontractor defendants, while only making a passing reference to *unidentified* "similarly situated" subcontractors, *unidentified* "commercial" purchases, and *unidentified* "similarly structured" prime contracts. Relator's supposed "clear" broad "pattern and practice" allegations are speculative and illusory.

This circumstance therefore is nothing like the complaint in *Wheeler* that Relator continues to cite. Reply at 4-5. The *Wheeler* amended complaint included over 30 paragraphs dedicated to a "widespread" "corporate policy" allegation, including under a separate heading of "Defendants' Fraudulent Conduct is Widespread and Directed by Corporate." Amended Complaint, *U.S. ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, No. 21-CV-0241 (W.D.N.C. Aug. 1, 2022) at ¶¶ 40-50, 560-581. And the *Wheeler* amended complaint even identified the additional locations alleged to be at issue. *Id.* at ¶¶ 88, 90, 109-110, 581.

Moreover, even though the *Wheeler* amended complaint actually attempted to allege a widespread practice and included some details to support the allegation, the district court and Fourth Circuit in *Wheeler* still found the allegations lacking. *U.S. ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, No. 21-CV-0241, 2023 WL 6060344, at *1 (W.D.N.C. Sept. 18, 2023); *U.S. ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 488 (4th Cir. 2025). If anything,

3

*Wheeler* supports the Amentum Defendants' position, not Relator's.[1]

Notably, when Relator opposed Defendants' motion to dismiss all of his allegations, including on Rule 9(b) grounds, Relator never raised his broad "pattern or practice" argument. Indeed, while the phrase is found nine times in Relator's Reply in support of his Motion to Compel discovery, *Relator did not use the phrase "pattern and practice" anywhere in his motion to dismiss opposition*. *See* ECF 77. Rather, in an effort to survive the motion to dismiss and show that he had pled the requisite particulars, *Relator described his Complaint very narrowly, as alleging an anticompetitive scheme involving only the named Defendants and only under one task order of one prime contract*:

> This case arises from Defendants' scheme to undermine competitive subcontract bidding in support of the federal Government's Operation Allies Welcome Program. . . . Because Relator has alleged with particularity the essential details of Defendants' scheme and resulting false claims, Defendants' motions should be denied.

ECF 77 at 1-2.[2] If Relator truly believed he had viable "pattern and practice" allegations, he should have said so in opposing the motions to dismiss.[3] Instead, Relator's opposition focuses on

---

[1] Notably, the Wheeler decision concerns whether a relator has adequately alleged False Claims Act allegations beyond one facility. *Wheeler* is not a decision concerning waiver, despite Relator's repeat mischaracterizations.

[2] The remainder of Relator's motion to dismiss opposition follows suit, with Relator asserting his Complaint was adequately pled with particularity and plausibility by pointing to the AFCAP V prime contract and the subcontractors named as defendants. For example, the headings in Relator's "Summary of Facts" in his opposition to the motions to dismiss references *only the AFCAP V prime contract and only the subcontractors named as defendants*. ECF 77 at i (Table of Contents). Relator pointed to Federal Acquisition Regulation ("FAR") or Defense Federal Acquisition Regulation Supplement ("DFARS") provisions that were found *in the AFCAP V contract*. *Id*. at 4-5 ("Amentum's AFCAP V contracts (via DynCorp and URS), associated task orders (including the Task Order), and modifications thereof explicitly included or implicitly incorporated several relevant provisions of the FAR and DFARS."). In arguing that he pled the requisite scienter, Relator repeatedly referred to Amentum's knowledge of "the *Subcontractor Defendants'*" alleged anticompetitive conduct. *Id*. at 26 (emphasis added). Relator likewise claimed that he "plausibly alleged *Defendants* were working together as part of the same scheme," and only identified the named defendant subcontractors as co-conspirators. *Id*. at 38-39(emphasis added).

[3] The Defendants did not seek partial dismissals, but instead sought to have the entire Complaint dismissed. ECF 66, 67, 70, 71. This shows that Relator's current claim that "the proper vehicle for challenging the sufficiency of pattern or practice allegations is a motion to dismiss—not discovery objections served months after," Reply at 5, is a red herring. Moreover, Defendants can hardly be faulted for not separately attacking broad "pattern or practice" allegations when those allegations do not appear anywhere in his Complaint.

attempting to show that he had adequately alleged particulars about the scheme quoted above—focusing solely on the named subcontractor defendants and the AFCAP V prime contract.

## II.    The Motion to Dismiss Decision Does Not Support Relator's Current Expansive View of His Claims

The Court's Motion to Dismiss decision properly focused on the allegations actually made in the Complaint—namely, the ones arising from the AFCAP V prime contract that involved the named subcontractor defendants.  *See* ECF 90.  Even where the Court's decision recites Relator's allegations, it never references supposed "pattern and practice" allegations, any other prime contract, or any subcontractors other than those named as defendants.  *See, e.g.*, ECF 90 at 2-7 (describing Relator's Complaint).  Nothing in that decision plausibly can be interpreted as support for Relator's current contention that the Court found Relator had alleged a viable "pattern and practice" allegation.

Nor can Relator reconcile his position with the fact that the Court dismissed claims and defendants.  In dismissing those claims and defendants, the Court provided a very different and much more limited description of the alleged "scheme" and "routine" practice than Relator now claims justifies his Motion to Compel.

In his Reply, Relator argues that the "Court permitted Relator's claims to proceed in part precisely because they described a 'subcontract stacking scheme' and a 'routine practice.'"  Reply at 2 (citing pages 9-10 of the Motion to Dismiss decision).  But those Court references to an adequately alleged "scheme" and the use of the word "routine" are specific to the Court's analysis of whether Relator "sufficiently pled [the False Claims Act element of] presentment *as to Amentum, URS, and Dallas Aviation*."  ECF 90 at 20 (emphasis added).  The Court's references to a "scheme" and "routine" do not state that any other allegations—much less ones extending to other subcontractors besides Dallas Aviation—were adequately pled.  In fact, the Court

5

specifically said allegations about the "routine" practice were not adequate for Relator to maintain his claims "as to TD Supply and Freedom Air[.]"  *Id*. at 21 ("nothing suggests that it was a routine practice for TD Supply or Freedom Air…[their] conduct could have constituted a one-time occurrence…").[4]

Nor can Relator explain away this Court's dismissal of DynCorp and the import that has for his current expansive view of the remaining Complaint allegations.  In his Complaint, Relator lumped together three related entities—URS, DynCorp, and their parent Amentum Services— under the name "Amentum."  Even though Relator could only provide particularized allegations with respect to the AFCAP V prime contract awarded to URS, he tried to claim that "Amentum" used the same approach on the AFCAP V prime contract awarded to DynCorp.  But the Court rejected that overreach, noting "***it appears that all of the subcontracts pertinent to this case that Amentum awarded were awarded under the URS AFCAP V Contract***, rather than the AFCAP V contract that was awarded to DynCorp."  *Id*. at 10 (emphasis added).

Bottom line: If the Court believed Relator had adequately alleged a pattern and practice involving subcontractors other than Dallas Aviation or prime contracts other than the AFCAP V contract awarded to URS, it would not have dismissed TD Supply, Freedom Air, and DynCorp from the suit.

### III. The Amentum Defendants' Objections—Along with Their Production in Line with the Court's Motion to Dismiss Decision—Were Appropriate and Did Not Require a Motion for Protective Order

In his Reply, Relator asserts that the Amentum Defendants somehow waived their right to object to Relator's overbroad and non-proportional discovery by not seeking a protective order.

---

[4] The Court's only mention of "routine" was in the context of analyzing whether Relator had adequately pled one required element.  The Court's analysis of other necessary elements makes clear that Relator's surviving allegations are limited to the AFCAP V prime contract and interactions between the Amentum Defendants and Dallas Aviation. ECF 90.

Reply at 5-6.  The Amentum Defendants had no such obligation, and there is no waiver.

Under these circumstances, the Amentum Defendants certainly would be within their rights to seek protection from the Court where:

- in trying to survive motions to dismiss by showing particularity, Relator accurately described his claims as extremely limited, involving one tasking over five months (September 2021 to January 2022) under one prime contract and involving only three subcontractors,

- the Court issued a Motion to Dismiss decision that allowed Relator to go forward with respect a narrowed set of claims—only as to that one prime contract and only with respect to one of the three identified subcontractors, and

- Relator sought discovery into what would likely be dozens or more prime contacts with the United States (including contracts with the military and classified contracts) over a multi-year period involving hundreds if not thousands of subcontractors.

However, the Amentum Defendants were not obligated to seek a protective order.  Their response to Relator's discovery requests—wherein they objected to the requests on the grounds of lack of relevancy and disproportionality with respect to discovery well beyond the claims remaining in the case following the Motion to Dismiss decision, but agreed to produce (and, in fact, have produced) discovery that matches the remaining claims in this action—is fully appropriate.

These circumstances are completely removed from the circumstances in the case Relator cites in his Reply for the proposition that the Amentum Defendants were obliged to seek a protective order.  Reply at 5-6.  In the case cited by Relator, the "Defendant claimed res judicata as grounds for not responding to document requests," and the Court noted that "res judicata" was

not a proper ground for objection. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (2010). The Amentum Defendants objections—unlike the "res judicata" objection in *Mezu*—are squarely grounded in Rule 26(b)(1), are appropriate, and certainly are not waived or forfeited.

### CONCLUSION

Relator's current description of the claims in this case that survived the Court's Motion to Dismiss decision cannot be squared with the actual allegations in his Complaint, Relator's prior characterization of his Complaint allegations, the Court's description of the Complaint allegations, or the Court's dismissal of Defendants and claims from the case. To the extent Relator is conceding that his claims are limited to the Amentum Defendants, Dallas Aviation, AFCAP V, and so-called "subcontract stacking," but is arguing that he is entitled to seek discovery into other unidentified prime contracts and unidentified subcontractors, Rule 26 does not allow such irrelevant and disproportionate discovery, and the Fourth Circuit does not allow such fishing expeditions in False Claims Act cases.

For the foregoing reasons, the Amentum Defendants respectfully request that the Court deny Relator's Motion.

Date: April 24, 2026                                Respectfully submitted,

*/s/ Douglas W. Baruch*
Douglas W. Baruch (Bar No. 012554)
Jennifer M. Wollenberg (*pro hac vice*)
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
douglas.baruch@morganlewis.com
jennifer.wollenberg@morganlewis.com

*Counsel for Amentum Services, Inc. and*
*URS Federal Services International, Inc.*