**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ADAM JOSEPHS,<br><br>        Plaintiff,<br><br>  v.<br><br>AMENTUM SERVICES, INC., URS FEDERAL SERVICES INTERNATIONAL, INC., DYNCORP INTERNATIONAL LLC, DALLAS AVIATION, INC., TD SUPPLY SPECIALISTS, LLC, AND FREEDOM AIR INDUSTRIES, INC.,<br><br>        Defendants. | Civil Action No.: 1:25-cv-01477-SAG |

<u>**NOTICE OF MOTION FOR A STATUS CONFERENCE TO
SET A SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF LAW**</u>

Plaintiff-Relator Adam Josephs respectfully moves this Court to hold a status conference to set a new scheduling order in this case. Given the amount of outstanding discovery issues with Defendants Amentum Services, Inc. ("Amentum"), URS Federal Services International, Inc. ("URS," and together with Amentum, the "Amentum Defendants"), and Dallas Aviation, Inc., ("Dallas Aviation and together with the Amentum Defendants, "Defendants") including the pace of productions to date and likely additional motion practice, a conference with the Parties to discuss issues and scheduling would benefit the Parties and the Court. Relator asked Defendants if they consented to the status conference sought by this Motion, and they did not respond, despite emailing Relator about other issues, as further discussed below.

By way of background, Judge Gallagher previously granted Plaintiff's motion for an extension of time and request for a status conference to set a scheduling order—over

the Amentum Defendants' opposition. *See* ECF Nos. 109, 113. Judge Gallagher then held a conference on April 14, 2026, where the Judge advised "that my standard practice at this point would be likely to refer the motion to compel to a magistrate judge to deal with the discovery issue and then also, depending on the outcome, ***to adjust the scheduling***." Apr. 14, 2026 Hr'g Tr. 4:6-9. The Judge also observed that the initial scheduling order "was too aggressive," and recognized that the motion to compel "may just be the tip of the iceberg, so to speak, in terms of discovery issues that are going to need to be addressed in this case," and that the schedule "frankly didn't build in enough time." *Id.* 13:14-25. The Judge then instructed that the Parties would "need to enter a revised schedule based on their determination once they have dealt with the motion to compel. *Id.* 16:1-4. Following the conference, Judge Gallagher set a new schedule, which was "subject to suspension or further modification if the motion to compel is refiled." ECF No. 117.

Relator refiled the motion to compel, which Judge Gallagher referred to Judge Crawford, who partially granted the motion on June 22, 2026. ECF No. 123. To date, the Amentum Defendants have not produced a single additional document ordered by Judge Crawford and despite the unambiguous language at the hearing with Judge Gallagher and in the subsequent order, claim that the prior deadlines remained operative despite the re-filing of the motion to compel.

In the meantime, Relator has been repeatedly requesting documents and additional information from Defendants. Yet progress has stalled—the Amentum Defendants have not made a production since May 19, 2026, and Dallas Aviation has not made a production since April 27, 2026. Dallas Aviation has promised a production this

week, but it has not yet arrived. And only now, for the first time, on July 7 and 8, 2026, despite repeated communications, have the Amentum Defendants confirmed they do not plan to produce any of the previously-requested documents—nor provide any of the requested information Plaintiff repeatedly requested. Rather, the Amentum Defendants informed Relator that they planned only to make a supplemental production in light of the Court's order partially granting Relator's motion to compel (i.e., concerning Freedom Air and TD Supply, but not any missing documents concerning Dallas Aviation). *See* Ex. A (Email correspondence), 2–3.

Accordingly, there will likely be a need for additional motion practice before this Court to compel the Amentum Defendants to provide discovery that Relator has repeatedly requested. For instance, on June 12, 2026, following up on a June 9 meet and confer, Relator's counsel wrote to Amentum Defendants' counsel:

> I write to follow-up on this past week's meet and confer. You mentioned at the meet and confer that Amentum still has responsive documents to produce, but you could not tell us when we might expect that production. When will we expect it?
>
> We remain concerned with the Amentum Defendants' continued failure to produce documents responsive to Relator's requests. We have now raised these repeatedly beginning in March and they remain uncured. This letter is a further good-faith effort to resolve the dispute without Court intervention.
>
> The Amentum Defendants still have not produced documents responsive to even the narrow category of requests concerning Dallas Aviation, including the basic contract documents central to our claims. These are core materials plainly within the Amentum Defendants' possession, custody, or control, and their continued absence is not justified.

Ex. A at 5.

3

In the email, Relator's counsel also attached a chart listing all specific documents Relator requested, which listed specific contracts and the relevancy of the requests. As Relator's counsel explained:

> During our meet-and-confer on June 9, you insisted that Relator explain why the requested documents are relevant to the case. The relevance of these foundational contract documents should not require explanation, but we have nonetheless provided one.
>
> Attached is a chart identifying (i) each document or category we have requested, (ii) the date(s) on which we requested it, and (iii) an explanation as to why the material is relevant, necessary, and proportional to the case. We trust this resolves any purported basis for withholding the documents.

Ex. A at 5–6.

Further, in that email, Relator's counsel requested that the Amentum Defendants provide hit counts and search terms for the custodians it searched, given that the search terms that the Amentum Defendants had run were not picking up plainly relevant emails. Ex. A at 6–7. Without hit counts, Relator is unable to negotiate an appropriate and proportional custodial search of the Amentum Defendants' custodial documents. Relator also requested confirmation as to the Amentum Defendants' position of their attorneys' eyes only ("AEO") designations—having even designated a document signed by Relator as AEO—that rely on the purported commercially and competitively-sensitive confidentiality of documents that, at most, reflect stale pricing and practices from three to four years ago. Ex. A, 7–8.  Relator also repeatedly requested that the Amentum Defendants produce standard meta data in line with the District of Maryland's ESI guidelines. Ex. A at 8.

The Amentum Defendants did not respond. On June 30, 2026, Relator's counsel followed up, asking for the Amentum Defendants' position on the June 12, 2026 email. Relator's counsel also requested that:

> in light of the Court's ruling on the motion to compel discovery, we ask that the Amentum Defendants (1) propose in the first instance appropriate custodians and additional search terms to capture discovery the Court has now ordered, and provide hit counts on the same, and (2) advise us on the timeline to complete additional non-custodial searches to capture the newly ordered discovery..

Ex. A, 4–5. Relator's counsel also asked for the status of Dallas Aviation's forthcoming production, which was promised at the June 9, 2026 meet and confer. *Id.*

On July 6, 2026, Dallas Aviation responded that it would produce documents "this week." Ex. A at 4.  Relator still has not received the production. The Amentum Defendants had not otherwise responded to Plaintiff's June 12 email and June 30 follow up, so on July 7, 2026, Relator's counsel wrote:

> …following up. By which date will the Amentum Defendants produce documents the Court ordered, ECF No. 123? And when will the Amentum Defendants respond to Plaintiffs' request for documents below, including in the June 12 email, following the June 10 meet and confer, where you said the Amentum Defendants had additional documents to produce? We've not received a single document.
>
> We need to come up with a new schedule for the Court. We need this information to inform the Court about what makes sense for a schedule going forward.

Ex. A at 3–4.  Counsel for the Amentum Defendants responded, citing Judge Gallagher's now-superseded scheduling order and for the first time informing Relator's counsel that they did not intend to produce any additional documents or information as discussed on the June 9 meet and confer and outlined in Plaintiff's emails. Ex. A 2–3. Counsel for

Amentum Defendants also confirmed that they were not producing anything other than what was ordered by Judge Crawford. As Relator's counsel wrote:

> Plaintiff intends to move for a status conference with Judge Crawford to discuss setting a new schedule in light of outstanding discovery issues, including the pace and noncompliance of productions by both the Amentum Defendants and Dallas Aviation to date. It appears likely that additional motions to compel will be filed, as your email from last night appears to mean that the Amentum Defendants (1) refuse to produce any of the documents Plaintiff requested, as summarized in the June 12, 2026, email and the attached chart, (2) refuse to provide hit counts and search terms as requested in the June 12, 2026 email and as supplemented by the June 30, 2026 email, (3) seemingly did not actually have any additional documents to produce, despite you telling us on the June 10 meet and confer an additional production was forthcoming (as your email yesterday now states that the Amentum Defendants now contend that the only documents Amentum Defendants have left to produce is what has been ordered by Judge Crawford), (4) refuse to provide the missing meta data requested since March 26, 2026, and (5) stand by their AEO designations despite Plaintiff's follow-up explanation on June 12, 2026.

Ex. A at 1.

Rather than respond to this email, counsel for the Amentum Defendants emailed separately advising of the need to file a status report. Ex. B at 3–4. Relator's counsel reminded the Amentum Defendants that the deadline was not operative, but in a showing of good faith, sent Relator's edits to the status report to the Amentum Defendants. Ex. B at 2–3. The draft of the status report Relator sent is attached hereto as Exhibit C. The Amentum Defendants sent back the status report, deleting Relator's position. Ex. B at 1–2. Relator advised the Amentum Defendants that they could make additions to the status report, but could not delete Relator's position, particularly given that Relator intended to preserve his position that the status report was not due today.

Despite Judge Gallagher's statements at the hearing that the Parties would "need to enter a revised schedule based on their determination once they have dealt with the motion to compel," Hr'g Tr. 16:1-4. and her clear order, the Amentum Defendants insist the superseded schedule still governs and will not provide information needed for Relator to make informed decisions on setting a new schedule. Ironically, in the April 22, 2026 meet and confer, when Relator suggested filing a motion to extend or defer deadlines, the Amentum Defendants took the position that the issue had already been taken care of through the Order.

Thus, given the distance between the Parties' positions and the likely need for additional motion practice on outstanding discovery issues, a Court conference to discuss setting a schedule would benefit the Parties. In particular, the conference could assist in addressing (1) Defendants' failure to produce even basic documents relevant to the claims, including for example, modifications of Contract FA8051-20-D-0001, a full set of purchase orders, voucher/invoice submittals for the subcontracts, or documents relevant to the Amentum Defendants' indirect costs billed to the government related to the subcontracts (that, in turn, would assist Relator in forming a reasonable and informed demand to engage in settlement discussions), (2) refusal to provide hit counts and search terms to allow the Parties to meaningful negotiate a proportionate search of custodial emails and other records, and (3) to set a reasonable and appropriately-structured discovery schedule now that the motion to compel concerning the scope of the case has been resolved.

Accordingly, Plaintiff-Relator respectfully requests the Court set a conference at its earliest availability.

Dated:  July 9, 2026                   Respectfully submitted,

                                       **LAW OFFICE OF MAX RODRIGUEZ PLLC**

                                       By:___*/s/ Max Rodriguez*___
                                              Max E. Rodriguez (admitted pro hac vice)
                                              Bianca Beam (Bar ID 31709)
                                              (signed by Bianca Beam with permission of Max
                                              Rodriguez)

                                       575 5th Avenue, 14th Floor
                                       New York, NY 10017
                                       Tel: (646) 741-5167
                                       max@maxrodriguez.law
                                       bianca@maxrodriguez.law

                                       **JANOVE PLLC**

                                       By:___*/s/ Raphael Janove*___
                                              Raphael Janove (Bar ID 31824)

                                       115 Broadway, 5th Fl.
                                       New York, NY 10006
                                       Tel: (646) 347-3940
                                       raphael@janove.law


                                       *Attorneys for Plaintiff-Relator Adam Josephs*

8