EXHIBIT A

| | |
|---|---|
| **Subject:** | Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation |
| **Date:** | Wednesday, July 8, 2026 at 11:30:55 AM Eastern Daylight Time |
| **From:** | Raphael Janove <raphael@janove.law> |
| **To:** | Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Allison Luttrell <aluttrell@familylaw-tx.com> |
| **CC:** | Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Hochman, Seth <seth.hochman@morganlewis.com>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>, Max Rodriguez <max@maxrodriguez.law> |
| **Attachments:** | image009.png, image010.gif, image011.png, image001.png, image002.png, image003.png, image004.png, image005.png, image.png |

Hi Jennifer,

You are referencing an inoperative scheduling order. As you know, in granting Plaintiff's motion for an extension of time—over the Amentum Defendants' opposition—Judge Gallagher set a new schedule, which was explicitly "subject to suspension or further modification if the motion to compel is refiled." ECF No. 117. As you also know, Plaintiff refiled the motion to compel, which Judge Crawford partially granted on June 22, 2026. ECF No. 123. Accordingly, the dates were subject to suspension or modification. To date, the Amentum Defendants have not complied with Judge Crawford's order and has repeatedly refused to meaningfully engage with Relator's points raised concerning Amentum's discovery obligations, which we have done in an effort to avoid having to involve the court again. Unfortunately, it is clear that will be necessary.

Plaintiff intends to move for a status conference with Judge Crawford to discuss setting a new schedule in light of outstanding discovery issues, including the pace and noncompliance of productions by both the Amentum Defendants and Dallas Aviation to date. It appears likely that additional motions to compel will be filed, as your email from last night appears to mean that the Amentum Defendants (1) refuse to produce any of the documents Plaintiff requested, as summarized in the June 12, 2026, email and the attached chart, (2) refuse to provide hit counts and search terms as requested in the June 12, 2026 email and as supplemented by the June 30, 2026 email, (3) seemingly did not actually have any additional documents to produce, despite you telling us on the June 10 meet and confer an additional production was forthcoming (as your email yesterday now states that the Amentum Defendants now contend that the only documents Amentum Defendants have left to produce is what has been ordered by Judge Crawford), (4) refuse to provide the missing meta data requested since March 26, 2026, and (5) stand by their AEO designations despite Plaintiff's follow-up explanation on June 12, 2026.

Accordingly, by **tomorrow at 12:00 pm ET**, please (1) confirm whether the Amentum Defendants are refusing all Plaintiffs' requests and we are at impasse at the issues outlined in the June 12 and June 30, 2026 emails, (2) confirm that the Amentum Defendants did not intend to produce any documents after its most recent production, on May 19, 2026, and that it is only now producing additional documents pursuant to Judge Crawford's order, and (3) let us know if the Amentum Defendants oppose Plaintiff's forthcoming request for a status conference.

Allison – Please also let us know if Dallas Aviation will oppose the request for a status conference by **tomorrow at 12:00 pm ET.** Plaintiff reserves all rights as to the outstanding discovery issues with Dallas Aviation, but will review your promised forthcoming production first, which you have informed us we'd receive this week.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Tuesday, July 7, 2026 10:02 PM
**To:** Raphael Janove <raphael@janove.law>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Counsel –

Relator's extended deadline for expert disclosures and a number of other case deadlines that followed, including the discovery deadline, passed without any action by Relator.  Today is the first Relator has mentioned any of those deadlines in months.  Notably, the Court's January 23, 2026 Order states: "The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery.  The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline."  At this point, any motion by Relator to revive any of these dates will require Relator to demonstrate good cause and excusable neglect.  If Relator plans to file such a motion, please send it to us for our consideration, and to the extent the motion does not include these items, please provide (1) the specific extensions Relator plans to seek, (2) how those take into consideration (a) the statement from the Court's January 23 Order and (b) mitigation of prejudice to the Defendants, (3) the "good cause" Relator believes exists, and (4) the "excusable neglect" Relator intends to include in his moving papers.

Further, we would like to understand from Relator how any proposed deadline extensions and the discovery and other litigation costs associated with those extensions take into account (1) the very narrow scope of the remaining case—as recently noted by the Court, "the Amentum Defendants are correct that the Court's ruling on the motions to dismiss narrowed Plaintiff's case substantially" – including the very limited potential damages that possibly could flow from the limited claims at issue (even if valid, which they are not) and (2) the discovery Relator has had for months showing the Government's knowledge and endorsement of Amentum's use of Dallas Aviation and other non-manufacturer vendors to provide various camp supplies under this AFCAP V prime contract.

As for the parties' respective discovery obligations and efforts to meet those, the record is clear and Relator's repeated attempts to recast it are not productive. Since the Court's June 22 Order, the Amentum Defendants have been working on a supplemental production that will account for outstanding discovery requests served by Relator in light of that Order.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

    

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Tuesday, July 7, 2026 2:29 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

[EXTERNAL EMAIL]
Jennifer - following up. By which date will the Amentum Defendants produce documents the Court ordered, ECF No. 123? And when will the Amentum Defendants respond to Plaintiffs' request for documents below, including in the June 12 email, following the June 10 meet and confer, where you said the Amentum Defendants had additional documents to produce? We've not received a single document.

We need to come up with a new schedule for the Court. We need this information to inform the Court about what makes sense for a schedule going forward.

**Raphael Janove**



---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Sent:** Monday, July 6, 2026 9:03 AM
**To:** Raphael Janove <raphael@janove.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Raphael,

We will have a supplemental document production to you this week.

-Allison Luttrell

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Tuesday, 30 June 2026 15:16:52
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Jennifer - Following up on the email below. In addition to our outstanding requests, in light of the Court's ruling on the motion to compel discovery, we ask that the Amentum Defendants (1) propose in the first instance appropriate custodians and additional search terms to capture discovery the Court has now ordered, and provide hit counts on the same, and (2) advise us on the timeline to complete additional non-custodial searches to capture

the newly ordered discovery..

Allison - We have not received any additional production of documents and the declaration you mentioned providing us on the June 10 meet and confer. Please advise when we can expect these materials.

Thanks.

**Raphael Janove**



---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Friday, June 12, 2026 6:12 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Hi Jennifer,

I write to follow-up on this past week's meet and confer. You mentioned at the meet and confer that Amentum still has responsive documents to produce, but you could not tell us when we might expect that production. When will we expect it?

We remain concerned with the Amentum Defendants' continued failure to produce documents responsive to Relator's requests. We have now raised these repeatedly beginning in March and they remain uncured. This letter is a further good-faith effort to resolve the dispute without Court intervention.

The Amentum Defendants still have not produced documents responsive to even the narrow category of requests concerning Dallas Aviation, including the basic contract documents central to our claims. These are core materials plainly within the Amentum Defendants' possession, custody, or control, and their continued absence is not justified.

During our meet-and-confer on June 9, you insisted that Relator explain why the requested documents are relevant to the case. The relevance of these foundational contract documents should not require explanation, but we have nonetheless provided one.

Attached is a chart identifying (i) each document or category we have requested, (ii) the date(s) on which we requested it, and (iii) an explanation as to why the material is relevant, necessary, and proportional to the case. We trust this resolves any purported basis for withholding the documents.

You have also asserted that Relator should have previously supplied additional search terms and thus the Amentum Defendants are not obligated to search for documents outside the two identified search terms: "Dallas Aviation" and "@dallasaviation.com". You are mistaken that this burden is on Relator. The Amentum Defendants are independently obligated to conduct a reasonable search for responsive documents—and the gaps in your production confirm that the searches run so far have been deficient. For example, each of the following documents are plainly responsive and absent from your production. Although we do not concede that this is the exclusive list of appropriate custodians, it is all the more telling that you have failed to produce plainly responsive documents from custodians whose documents you claimed to have searched.

**Billy Harlin**

- JOSEPHS_000337-JOSEPHS_000341
- JOSEPHS_010044-JOSEPHS_010046
- JOSEPHS_006785-JOSEPHS_006786
- JOSEPHS_000274-JOSEPHS_000276
- JOSEPHS_009675-JOSEPHS_009676

**Jacquelyn Briggs**

- JOSEPHS_000170-JOSEPHS_000172
- JOSEPHS_010685-JOSEPHS_010688
- JOSEPHS_009921-JOSEPHS_009923

**Genifer Clark**

- JOSEPHS_001209-JOSEPHS_001211

**Cynthia Ray**

- JOSEPHS_000602

Despite the fact that the burden is on the Amentum Defendants to conduct reasonable searches, and reserving all right with respect to the fact that this is not an exhaustive list of search terms, we have identified a few additional search terms for Amentum to run across all relevant custodians:

- DA w/2 (0 or 1 or 2 or 3 or 4 or 5 or 6 or 8 or 9)

- (DA or Dallas) w/10 invoice

- (DA or Dallas) w/10 bid

- (DA or Dallas) w/10 price

- (DA or Dallas) w/10 bill

- (DA or Dallas) w/10 price

- (DA or Dallas) w/10 quote

- (DA or Dallas) w/10 (MSA or "Master Agreement")

- 2017-4-302

- MA2017-4-302

- (DA or Dallas) w/10 competition

- (DA or Dallas) & (Suppliest or Josephs)

- (DA or Dallas) w/10 (Grainger)

- (DA or Dallas) w/ 10 (Amazon)

- (DA or Dallas) w/20 Melissa

- Lopez-Rodriguez

Given the deficiencies we have identified to date, we further request, by June 22, 2026:

1. Search terms that Amentum has already used to review for responsive custodian document; and

2. Hit counts for every search term the Amentum Defendants have already run in addition to these new proposed terms, broken out by term and custodian, and noting how many documents are unique after de-duping.

3. Amentum's proposal for which additional search terms it is agreeing to run, including any counterproposal on search strings. If Amentum proposes a revision to any of the above, or proposes any new search terms, please include the hit counts for them as well.

## AEO Designations

Since the Amentum Defendants' first production which included 393 of the 425 documents marked AEO, Relator has requested that the Amentum Defendants explain the basis for its AEO designations and review and re-designate as appropriate the AEO designations made across all the productions. This categorical overbreadth of designation is inherently suspect. *See, e.g., Global Material Technologies, Inc. v. Dazheng Metal Fibre Co.*, No. 12-cv-1851, 2015 WL 5611667, at *3 (N.D. Ill. Sept. 23, 2015) (noting AEO is "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures").

With regard to the AEO designations made on documents signed by Relator, the Amentum Defendants contend that the AEO designation is justified because Relator remains a competitor on subcontracts with Dallas Aviation. That position does not withstand scrutiny. Amentum is not going to award future business to a party that has sued it, and in any event the pricing reflected in these documents is stale and holds no current competitive value. *See, e.g.*, *Sprint Nextel Corp. v. Simple Cell Inc.*, No. CCB-13-0617, 2015 WL 13840324, at *4–5 (D. Md. Oct. 5, 2015).

Please advise whether Amentum, nonetheless, still stands by its designations.

## Missing Meta Data & Attachments

As we have relayed to you since March 26, 2026, we are missing meta data from URS' first and second productions. We disagree with your position that Relator did not request meta data. As we have said repeatedly, during the initial meet and confer Relator requested "standard metadata" in line with the District of Maryland's ESI Guidelines. Given your failure to produce meta data, we do not have the original file name of over 350 documents – see attached.

We have also identified a number of documents that are missing attachments – see attached. Please cure these deficiencies.

## Antitrust Division Production

Despite the outstanding deficiencies in your production, and despite receiving no such courtesy in return, we are extending this one to you by providing a list of the bates number's corresponding with the Antitrust Division Production – see attached.

Best,

**Raphael Janove**



**From:** Raphael Janove <raphael@janove.law>
**Sent:** Sunday, June 7, 2026 11:54 AM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W.

<douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Hi Jennifer,

We look forward to a productive meet and confer on Tuesday where we confirm resolution or impasse on outstanding issues: (1) Plaintiff raised with respect to Dallas Aviation's productions; (2) Plaintiff raised as to the Amentum Defendants' productions; and (3) the Amentum Defendants raised as to Plaintiff's R&Os.

As discussed, below are our written responses:

- **Rog 1:** Relator intends to amend the interrogatory response understanding that it applies only to subcontract stacking.
- **Rog 2**: Relator intends to amend the interrogatory response understanding that it applies only to subcontract stacking.
- **Rog 3:** Supplementation is premature at this stage of the case. Defendants' productions are woefully deficient and Relator is unable to supplement without additional discovery.
- **Rog 4:** Relator stands on its response at this time. Ron Josephs had essentially no involvement and no knowledge about Relator's dealings at issue in this case.
- **Rog 5**: Nothing is being withheld based on these different definitions. Subcontract stacking is the practice of routing work through multiple layers or tiers of contractors that add little or no value.
- **Rog 6:** There are no other third-party financial relationships or interests.
- **Rog 7**: After you raised this position, we informed the United States about your position and asked it to confirm whether it intends to separately object. We have not heard any additional updates.
- **Rog 8**: Confirming, nothing else to disclose.
- **Rog 9**: Relator intends to amend the interrogatory response understanding that it applies only to subcontract stacking.
- To reiterate, Relator reserves the right to amend the complaint and to supplement interrogatory responses as discovery proceeds in this case.
- Interrogatory verification stands as is. Please explain bases and case law to support your request.
- Relator is confirming it has not withheld information based on a vagueness objection to personal knowledge.
- We are currently reviewing our privilege objections and will include those changes in amended responses should any be necessary.
- The sources related to the stacking definition in FAC ¶ 46 is from the GAO pages of the PDF (not the pages at bottom of document) pp. 2, 7, 10–11, 18–20, 26.
- The supplemental disclosure and the memorandum are separate items in the attachments to the Antitrust Division.
- The AJS bates are: AJS0000001–AJS0002637 included in Relator's second production

on April 24.
- Basis for common interest privilege on memo with the Antitrust division:
    - 2/11/26 - email correspondence (priv log no. 37–42)
    - 3/5/26 - email correspondence (priv log no. 43–46)
    - 3/31/26 - email correspondence (priv log no. 49–52)
    - 4/6/26 - call with Tarra re Amentum's position relayed in M&C that Amentum requests that the US lodge its own objections.
    - 4/14/26 - email correspondence (priv log no. 53–54)
    - 4/15/26 - email correspondence (priv log no. 55–56)

- The basis for common interest privilege is that Relator has a common interest with the United States by virtue of his *qui tam*. The FCA specifies that relator is entitled to a percentage of alternate remedies. *See* subsection § 3730(c)(5) that covers alternate remedies.
- Regarding the "key documents" language in the response to RFP 1, Relator has produced all non-privileged, responsive documents in its possession, custody, or control referred to in Relator's Answers to the Amentum Defendants' Interrogatories. Relator intends to amend his R&Os to the Amentum Defendants' RFP to reflect that.
- Please see the privilege log for common interest documents and other privilege objections.
- Relator will produce any documents received from the government under a Touhy request.

**Raphael Janove**



From: Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
Sent: Wednesday, June 3, 2026 5:21 PM
To: Raphael Janove <raphael@janove.law>; Allison Luttrell <aluttrell@familylaw-tx.com>
Cc: Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
Subject: RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Counsel –

Much of your email below is inaccurate, but we do not believe that further debate over these points is productive. We look forward to receiving no later than the end of this week full responses to our articulated concerns about Relator's interrogatory responses/objections and related productions.

If Relator believes that any of the concerns have been resolved or cannot be resolved at this time, please so articulate that in the responses so that the Tuesday conference can be as efficient and productive as possible.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Wednesday, June 3, 2026 5:07 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

[EXTERNAL EMAIL]
Hi Jennifer,

Yes it will be recorded and we'll provide written follow up. Relator disagrees with your comments about any mischaracterizations about prior meet and confers, which Relator has always accurately characterized, including in contemporaneous email summaries sent to you about the same. Relator is agreeing to record them to prevent Defendants from mischaracterizing what was discussed and to eliminate any misunderstandings.

Also to make the record clear, your "repeated" follow-up from the March 31 and April 2, meet and confers asking for additional responses from Relator was just one email, April 22, 2026. You did not follow up again until May 19, 2026, and that was only in response to Relator's email asking you for a meet and confer, as you still had not responded to outstanding discovery issues raised in Relator's prior correspondence, including a May 8, 2026 email to you.

In any event, we'll send written responses on the issues where a written response is

appropriate at this juncture--as much of what you are requesting has been answered by additional productions and materials from Relator, or otherwise cannot be responded to until Defendants' substantially comply with their outstanding discovery obligations--discuss the others, and also work through the outstanding requests and issues we have with the Amentum Defendants' and Dallas Aviation's discovery to date.

We look forward to a productive meet and confer on Tuesday.

**Raphael Janove**



---

**From:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>
**Sent:** Wednesday, June 3, 2026 4:36 PM
**To:** Raphael Janove <raphael@janove.law>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Counsel –

Tuesday at 11 AM ET would work for counsel for Amentum and URS. However, we do expect Relator to provide full written responses by the end of this week in order to facilitate an efficient call on Tuesday. As a reminder, (1) we already spent a significant amount of time during meet and confers with Relator's counsel explaining our questions and concerns about Relator's discovery responses/objections, and (2) *Relator* insisted on not responding verbally and providing written responses – responses we have not yet received in spite of the long passage of time since those meet and confers and our repeated follow-up.

Also, per Relator's earlier commitment, please ensure that you make arrangements for the call to be recorded and the recording to be circulated to all counsel following the call given our concerns about Relator's mischaracterizations of previous, non-recorded party conferences.

Regards,


**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | darwin.murillo@morganlewis.com
jennifer.wollenberg@morganlewis.com | www.morganlewis.com



**From:** Raphael Janove <raphael@janove.law>
**Sent:** Wednesday, June 3, 2026 3:24 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

[EXTERNAL EMAIL]
Yep ET

Get Outlook for iOS

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Sent:** Wednesday, June 3, 2026 3:16:18 PM
**To:** Raphael Janove <raphael@janove.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

I can do that, but just to confirm—11 ET?

-Allison Luttrell

---

**From:** Raphael Janove <raphael@janove.law>
**Date:** Wednesday, June 3, 2026 at 1:55 PM
**To:** Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Allison Luttrell <aluttrell@familylaw-tx.com>, Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Hochman, Seth <seth.hochman@morganlewis.com>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>

**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Great - glad you can join Jennifer, as we also still need to meet and confer with the Amentum Defendants on the outstanding items we've been asking about. To that end, we will be sending you before then written responses you requested, although we have some questions about some of the written responses you requested, which will be helpful for us to discuss us well on the call.

Let's do Tuesday at 11?

Get [Outlook for iOS](#)

---

**From:** Wollenberg, Jennifer M. <[jennifer.wollenberg@morganlewis.com](#)>
**Sent:** Wednesday, June 3, 2026 2:45:33 PM
**To:** Raphael Janove <[raphael@janove.law](#)>; Allison Luttrell <[aluttrell@familylaw-tx.com](#)>; Max Rodriguez <[max@maxrodriguez.law](#)>
**Cc:** Bianca Beam <[bianca@maxrodriguez.law](#)>; Sasha Jones <[sasha@janove.law](#)>; Alex Castro <[Alex@maxrodriguez.law](#)>; Hochman, Seth <[seth.hochman@morganlewis.com](#)>; Baruch, Douglas W. <[douglas.baruch@morganlewis.com](#)>; Brian Alpiger <[balpiger@familylaw-tx.com](#)>; Kelly Hollingsworth <[kelly@familylaw-tx.com](#)>; Madison Easterlin <[MEasterlin@familylaw-tx.com](#)>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Counsel –

We would like to participate in this conference, but are not available on Monday at these times. We do have availability on Tuesday, which also was an option provided by counsel for Dallas Aviation.

Regards,

**Jennifer M. Wollenberg**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5313 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Darwin Murillo | +1.202.739.5286 | [darwin.murillo@morganlewis.com](#)

101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6697 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
Assistant: Darwin Murillo | +1.202.739.5286 | [darwin.murillo@morganlewis.com](#)
[jennifer.wollenberg@morganlewis.com](#) | www.morganlewis.com

---

**From:** Raphael Janove <[raphael@janove.law](#)>
**Sent:** Wednesday, June 3, 2026 1:25 PM
**To:** Allison Luttrell <[aluttrell@familylaw-tx.com](#)>; Max Rodriguez <[max@maxrodriguez.law](#)>
**Cc:** Bianca Beam <[bianca@maxrodriguez.law](#)>; Sasha Jones <[sasha@janove.law](#)>; Alex Castro <[Alex@maxrodriguez.law](#)>; Wollenberg, Jennifer M. <[jennifer.wollenberg@morganlewis.com](#)>; Hochman, Seth <[seth.hochman@morganlewis.com](#)>; Baruch, Douglas W. <[douglas.baruch@morganlewis.com](#)>; Brian Alpiger <[balpiger@familylaw-tx.com](#)>; Kelly Hollingsworth

<kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>

**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

[EXTERNAL EMAIL]
Hi Allison,

We are free before 4:00 pm ET Monday. Can you please circulate an invite for a time that works you?

Thanks.

**Raphael Janove**



---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Sent:** Tuesday, June 2, 2026 9:33 PM
**To:** Raphael Janove <raphael@janove.law>; Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Raphael,

I have a couple major deadlines this week that give me very limited availability. Can you do next Monday or Tuesday?

-Allison Luttrell

---

**From:** Raphael Janove <raphael@janove.law>
**Sent:** Monday, June 1, 2026 3:02:25 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>; Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Hi Allison,

Please provide your availability this week for a meet and confer per my 5/18 email, and to discuss the Quantum system mentioned in your email below.

Thanks.

**Raphael Janove**

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Sent:** Thursday, May 21, 2026 4:45 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Raphael Janove <raphael@janove.law>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Max,

Thanks for talking at the deposition today. I am following up by email to confirm that we are working with our client to obtain documents from the Quantum system mentioned during the deposition today and identifying what the instant messaging platform was that Ms. Lopez-Rodriguez mentioned. I will be in touch when I have more information to provide.

-Allison Luttrell

**From:** Raphael Janove <raphael@janove.law>
**Date:** Monday, May 18, 2026 at 8:48 AM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>, Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Hochman, Seth <seth.hochman@morganlewis.com>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation
Hi Allison,

We believe Plaintiff's previous unanswered emails were sufficiently detailed, largely identifying

specific gaps in the production and asking Dallas Aviation to produce those missing documents.

In any event, it'd be most efficient for the Parties to meet and confer and discuss these issues to productively move discovery forward. Please provide your availability this week.

Plaintiff consents to recording the meet and confer.

Thanks.

**Raphael Janove**

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Sent:** Wednesday, May 13, 2026 10:57 AM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Raphael Janove <raphael@janove.law>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Max:

Your email largely repeats the same complaints that have already been addressed multiple times over the past month. At this point, I need you to describe in detail what it is you are asking me to do. A meet-and-confer will be more productive once I receive that clarification.

In addition, Dallas Aviation requests that all conferences in this matter be recorded. Please let us know whether Relator agrees and will facilitate the recording.

-Allison Luttrell

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Friday, May 8, 2026 at 6:27 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Hochman, Seth <seth.hochman@morganlewis.com>, Raphael Janove <raphael@janove.law>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's

First RFPs to Dallas Aviation
Allison,

Following up on my April 30, 2026 email, we have not yet received Dallas Aviation's position on the outstanding items raised therein, including the form-of-production and ESI protocol issues, the missing documents identified, our reservation of rights as to costs and expenses associated with converting Dallas Aviation's production into a reviewable format, and the status of the email server failure. Please confirm Dallas Aviation's position on each.

In addition, our continued review of Dallas Aviation's productions has identified several further issues that we ask you to address:

1. Over-designation of AEO. A substantial portion of Dallas Aviation's production has been designated Attorneys' Eyes Only, including documents that do not, on their face, appear to warrant the most restrictive tier of confidentiality protection. Please explain the basis for Dallas Aviation's AEO designations and confirm that Dallas Aviation will re-review its production and re-designate documents as appropriate.

2. Additional Missing Purchase Orders. In addition to OAR0000080, which we previously identified and which remains outstanding, our review has identified two further purchase orders that have not been produced: OAR0000177 and OAR0000270. Please confirm when Dallas Aviation will produce these documents.

3. Reconciliation of Dallas Aviation's Invoices to Amentum. Based on the documents Dallas Aviation has produced to date, Dallas Aviation's invoices to Amentum under the -0001 prime contract total only $427,074.54. Based on Amentum's own representations we understand that Dallas Aviation billed Amentum approximately $3 million under that prime contract. There is therefore a substantial gap, approximately $2.5 million, between the invoices Dallas Aviation has produced and the total amount Dallas Aviation billed Amentum. Please reconcile this discrepancy and confirm when Dallas Aviation will produce all responsive invoices and related documents necessary to account for the difference.

You can find attached an updated list of missing items.

Please provide a written response and let us know Dallas Aviation's availability for a meet and confer to address these items along with the issues raised in our April 30 email.

Best,
Max

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Thursday, April 30, 2026 at 8:41 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro

<Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Raphael Janove <raphael@janove.law>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>

**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Allison,

Thank you for the supplemental production. Several issues remain, and we want to clarify our position.

**1. Form of Production / ESI Protocol.** As we have repeatedly stated to both Dallas Aviation and the Amentum Defendants, we have a fundamental disagreement regarding what was agreed upon with respect to ESI. During the meet and confer on February 5, 2026, Relator proposed and the parties agreed to standard ESI production and metadata consistent with the District of Maryland's ESI protocol. If there is no metadata, there is no metadata, but that is different than whether Relator is entitled to metadata if it exists. Separately, at a minimum, Relator is entitled to the "metadata" of BEGDOC and ENDDOC unitization for Dallas Aviation's production.

Separately from that point, even as hardcopies Dallas Aviation's production is deficient and has imposed unjustified burdens on Relator in reviewing the documents. Our prior email identified why the current production is insufficient under Rule 34, the District of Maryland's Principles for the Discovery of Electronically Stored Information in Civil Cases (including Appendix 2.1's Sample Hybrid Production Protocol), and the directly applicable authority we cited for that proposition. Unless you are representing that Dallas maintained its files for these subcontracts in one giant stack with no dividing folders, cover pages, notes, or any other organizational principles, the documents have not been produced either in the manner they were maintained or consistent with Dallas Aviation's obligations under Rule 34. Inspection does not cure that problem.

Dallas Aviation needs to correct the production with respect to the issues previously identified. If we understand your position correctly, Dallas Aviation is refusing to do so notwithstanding those authorities and that precedent. Please confirm whether that is in fact your position so we can determine appropriate next steps, including motion practice if necessary.

**2. Missing Documents.** The production remains incomplete and to date we have identified at least the following missing documents:

- OAR0000080 has still not been produced. Your supplemental production included only OAR0000257.
- Dallas Aviation's subcontract(s) for FA8051-20-D-0001, along with any amendments, modifications and changes.
- Documents related to at least 49 invoices, including Dallas Aviation's invoices themselves and the related invoices from its suppliers - see attached.

**3. Costs and Expenses.** As mentioned previously, Dallas Aviation's production lacks, among other things, document-level unitization. Because of that, we have been forced to incur additional time and expense attempting to put the documents into a reviewable format—a format we cannot even be certain is correct, given the absence of unitization information from Dallas Aviation. We

expressly reserve our right to seek costs and expenses associated with the additional time and labor expended to convert Dallas Aviation's production into a reasonable format suitable for review.

**4. Server Failure.** We understand you are currently compiling documents regarding this. If you could provide us with your timeframe as to when you will be providing us with this information that would be greatly appreciated.

Please let us know Dallas Aviation's position on each of the above and availability for a meet and confer next week.

Best,

Max

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Date:** Monday, April 27, 2026 at 10:45 AM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Raphael Janove <raphael@janove.law>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Hello, Max:

As previously explained, Dallas Aviation maintains its records in hard copy in the ordinary course of business. The documents produced were scanned solely for purposes of this litigation. As a result, there is no meaningful metadata to provide. Your continued insistence on metadata serves no practical purpose unless Relator is challenging the authenticity of the documents produced. The documents are simply scanned copies of hard-copy business records. Consistent with Rule 34, we have offered to make the original records available for inspection at Dallas Aviation's warehouse. Making the documents available in that manner is, by definition, producing them as they are kept in the usual course of business.

You refer to a sample production protocol to suggest that Dallas Aviation is required to produce documents in a particularized format, which was never agreed upon. To the contrary, consistent with District's Principles for the Discovery of Electronically Stored Information in Civil Cases, we specifically discussed and agreed upon a simplified approach to ESI (i.e., Bates-labeled documents) to reduce cost, burden, and delay given that Dallas Aviation is a small, veteran-owned business. Your requests for particularized formats reflect a preference—not a requirement under the Federal Rules of Civil Procedure, the Local Rules, or any agreed protocol in this case.

In any event, it does not appear that the format of Dallas Aviation's production has impeded your review. You have already identified specific documents that were inadvertently omitted (OAR0000080 and OAR0000257), which are attached to this email as a supplemental production.

With respect to your additional ESI questions, I have confirmed that Dallas Aviation does not use cloud based storage, and we are not aware of any other responsive communications (including text messages). To the extent you wish to explore Dallas Aviation's document retention practices, systems, or the server issue further, those topics may be appropriately addressed through deposition discovery.

If you believe inspection of the documents would be helpful, you are welcome to take us up on that offer so we can move this issue forward.

-Allison Luttrell

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Tuesday, April 21, 2026 at 9:30 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Hochman, Seth <seth.hochman@morganlewis.com>, Raphael Janove <raphael@janove.law>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation
Allison,

Thanks for your response. We still have concerns on several fronts that we'd like to note.

1.          Form of Production. Dallas Aviation's production does not satisfy Rule 34 or the District of Maryland's guidance on ESI production. Rule 34 requires that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 n.10 (D. Md. 2000). A 1,196-page bookmarked PDF is neither. *See, e.g.*, *In re Profundity LLC*, 663 B.R. 383, 384–5 (Bankr. S.D. Fla. 2024) (granting request for re-production of documents provided as "large PDF files that contain multiple responsive documents" because, among other things, they were "not produced as they are maintained in the ordinary course"). The District's Principles for the Discovery of Electronically Stored Information in Civil Cases reinforce this. Principle 2.04(a) provides that "no party shall be compelled, except by Court order, to accept production in a form that substantially degrades or jeopardizes the utility, integrity, and/or authenticity of ESI", and Appendix 2.1 (the Sample Hybrid Production Protocol governing the conversion of records, including paper, to static image format) sets out specific requirements that this production does not meet. Specifically, the production lacks a .DAT load file establishing document boundaries and metadata through BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, and the other enumerated fields (Appendix 2.1, ¶ 6); it lacks an .OPT image cross-reference file identifying document breaks (¶ 4); and it does not provide document-level searchable text with per-page image markers (¶ 5). Bookmarks embedded in a single PDF are not a substitute for any of these. They cannot be ingested by a review platform, cannot be filtered or sorted by metadata, and do not establish document-level unitization.

2.       Missing Documents. At least two OARs for which Dallas Aviation was awarded a subcontract appear to be missing from the production: OAR0000080 and OAR0000257. Please confirm whether these were inadvertently omitted and let us know when you plan to produce them. In addition, please either identify within the production or let us know when you plan to produce Dallas Aviation's documents and communications concerning its bids, quotes, and/or proposals to obtain subcontracts under D-0001, regardless of whether those bids, quotes, and/or proposals resulted in Dallas Aviation being awarded that subcontract.

3.       Email Server Failure and Other Sources of ESI. We appreciate that you are still compiling information on the email server failure, and we'll look for that supplementation. Separately, your email did not address the balance of our ESI question. Please confirm:

a.       Whether Dallas Aviation maintains or uses any cloud storage (e.g., Google Drive, OneDrive, Dropbox, SharePoint, iCloud, or any proprietary cloud-based system) and, if so, whether those sources have been searched for responsive documents;

b.       Whether custodians have been interviewed or otherwise queried regarding responsive text messages and other mobile communications; and

c.       Whether personal devices used for business purposes have been collected from or searched.

If tomorrow still works, we're available any time before 2:30 PM ET. Let us know what works best.

Best,

Max

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Date:** Monday, April 20, 2026 at 1:41 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Raphael Janove <raphael@janove.law>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Good afternoon, Max:

Dallas Aviation's production was made in conformity with the agreed production protocol. The PDF is fully bookmarked to reflect document-level organization, contains searchable text, and it is Bates labeled. We do not agree that a re-production is warranted, and we do not intend to re-

produce the documents in a different format.

Regarding metadata, Dallas Aviation maintains its records in hard copy at its warehouse. The documents we produced were scanned for purposes of production, and there is no additional, meaningful metadata. If you believe inspection of the original records would be helpful, we will make them available for inspection at Dallas Aviation's warehouse at a mutually convenient date and time.

We will supplement our document production as appropriate under the Federal Rules of Civil Procedure. Do you contend there are deficiencies? If so, please identify the particular documents you believe are at issue so that we can discuss with our client.

I am working with Dallas Aviation to compile any documents and information regarding the email server failure. I will provide any responsive information and documentation once that process is complete.

I have general availability on Wednesday to meet and confer if there are specific issues that warrant further discussion.

-Allison Luttrell

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Friday, April 17, 2026 at 6:08 PM
**To:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Hochman, Seth <seth.hochman@morganlewis.com>, Raphael Janove <raphael@janove.law>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

Allison,

I hope you are recovering and everything is good. We wanted to follow-up with you regarding a few items related to Dallas Aviation's production:

1. **The form of the production**. You produced a 1-page word document and a single PDF. The PDF consists of 1,196 pages with no indication of page breaks, unitization or other indications of how the underlying documents were originally organized or maintained. Please provide a re-production that includes document-level unitization, standard metadata, and load files (.dat and .opt), so that the production can be uploaded to a document review platform and reviewed as the documents were maintained in the ordinary course of business.
2. **Status of Dallas Aviation's production**. Will there be any additional productions, and if so, when can we expect them?

3. **Email Server Failure**. Please provide whatever information you have regarding the email server failure, including any documentation regarding its occurrence and Dallas Aviation's remediation measures. Please also confirm whether personal devices, cloud storage, or other sources were searched for emails, chats, and other ESI.

Please provide your written responses at your earliest convenience, along with your availability for a meet and confer to address any remaining issues.

---

Best,
Max

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Date:** Tuesday, April 7, 2026 at 7:21 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>; Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>; Hochman, Seth <seth.hochman@morganlewis.com>; Raphael Janove <raphael@janove.law>; Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>
**Subject:** Re: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation
Good evening,

Please use the below link to access Dallas Aviation's document production:

https://www.dropbox.com/scl/fo/hgkikd89p3074o2vpzwe4/ADy3gmSEfBJ2_b86WBndx08?rlkey=87okmgo1g9wc9god2mudto2mr&st=vr5p75jq&dl=0

-Allison Luttrell

---

**From:** Allison Luttrell <aluttrell@familylaw-tx.com>
**Date:** Wednesday, March 11, 2026 at 5:32 PM
**To:** Max Rodriguez <max@maxrodriguez.law>, Baruch, Douglas W. <douglas.baruch@morganlewis.com>, Brian Alpiger <balpiger@familylaw-tx.com>, Kelly Hollingsworth <kelly@familylaw-tx.com>, Madison Easterlin <MEasterlin@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>, Sasha Jones <sasha@janove.law>, Alex Castro <Alex@maxrodriguez.law>, Wollenberg, Jennifer M. <jennifer.wollenberg@morganlewis.com>, Hochman, Seth <seth.hochman@morganlewis.com>, Raphael Janove <raphael@janove.law>
**Subject:** RE: Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation
Good afternoon,

Please see attached Dallas Aviation's responses and objections to Mr. Josephs' first requests for production.

-Allison Luttrell

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Monday, February 9, 2026 5:24 PM
**To:** Baruch, Douglas W. <douglas.baruch@morganlewis.com>; Brian Alpiger <balpiger@familylaw-tx.com>; Kelly Hollingsworth <kelly@familylaw-tx.com>; Madison Easterlin <MEasterlin@familylaw-tx.com>; Allison Luttrell <aluttrell@familylaw-tx.com>
**Cc:** Bianca Beam <bianca@maxrodriguez.law>; Sasha Jones <sasha@janove.law>; Alex Castro <Alex@maxrodriguez.law>
**Subject:** Josephs v. Amentum Services, Inc., No. 1:25-cv-01477 (D. Maryland) - Relator's First RFPs to Dallas Aviation

All,

Please see attached Relator Adam Josephs' first requests for production to Dallas Aviation.

Best,
Max


**MAX RODRIGUEZ**

Principal and Founder

(he/him/his)




575 5th Avenue

14th Floor

New York, NY 10017


T 646-741-5167

max@maxrodriguez.law
www.maxrodriguez.law


This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachments from your system; you must not copy or disclose the contents or any attachments to any other person.

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.