

LAW OFFICE OF
## MAX RODRIGUEZ

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

July 15, 2026

<u>Via ECF</u>

The Honorable Judge Crawford
United States Magistrate Judge, District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:    *U.S. ex rel. Josephs v. Amentum Services, Inc., et al.,* No. 1:25-cv-01477-SAG

Dear Judge Crawford:

Relator Adam Josephs respectfully submits this letter in advance of the status conference scheduled for Friday, July 17, 2026. Relator writes to summarize (1) the outstanding deficiencies in the productions of Amentum Services Inc., and URS Federal Services International, Inc. (the "Amentum Defendants") and Dallas Aviation Inc., ("Dallas Aviation") and the continued efforts Relator has made to resolve them without Court intervention; (2) the status of Relator's own discovery obligations, which are complete; and (3) the obstacles Defendants' discovery conduct has placed in the path of meaningful progress in this case and productive settlement discussions.[1]

## I.    Outstanding Deficiencies in Defendants' Productions

### A.  The Amentum Defendants

The Amentum Defendants' most recent production was on May 19, 2026.[2] Notwithstanding the Court's June 22 Order, the Amentum Defendants have not produced any documents responsive to the Order. Nor have they even responded to Relator's repeated requests that they provide the date by which they will produce the documents this Court has ordered. In addition, Relator has repeatedly raised the following deficiencies in meet-and-confers on March 31, April 2, June 9, and in written correspondence including detailed emails on June 12 and June 30, 2026, yet each remains uncured:

  i.    <u>Basic Contract Documents under FA8051-20-D-0001</u>. The Amentum Defendants have not produced basic contract documents under FA8051-20-D-001 which show the amount they charged the U.S Government for its subcontractors including Dallas Aviation. Relator's June 12 email attached a chart identifying each requested document or category, the dates it was requested, and its relevance and proportionality. The Amentum Defendants refuse to produce these documents.

  ii.   <u>Core Dallas Aviation Materials</u>. The Amentum Defendants still have not produced documents responsive to even the narrow category of requests concerning Dallas Aviation, including email correspondence related to Dallas Aviation's bidding and pricing related to contract FA8051-20-0001. As discussed above, majority of the outstanding material was outlined in the chart attached to Relator's June 12 email.

---

[1] Consistent with the Court's procedures, Relator has not attached the underlying correspondence, charts, or discovery materials referenced in this letter. Relator will promptly provide them if the Court wishes.

[2] Moments before this filing, the Amentum Defendants made a supplemental production. Relator cannot attest to it.

LAW OFFICE OF
**MAX RODRIGUEZ**

Relator's Position Statement, No. 1:25-cv-01477-SAG
July 15, 2026
Page 2 of 3

iii.   <u>Deficient Searches and Refusal to Provide Search Terms and Hit Counts</u>. It is Relator's understanding that the Amentum Defendants ran only two search terms ("Dallas Aviation" and "@dallasaviation.com"), from which they unilaterally selected certain emails to produce. Relator identified multiple documents absent from their production even though they come from custodians the Amentum Defendants claim to have searched. On June 12 and June 30, Relator proposed additional search terms and asked for hit counts, custodian proposals, and a timeline to capture the discovery the Court ordered. Amentum Defendants have refused to provide search terms and hit counts to allow for negotiation of a reasonable and proportionate search.

iv.   <u>Missing Metadata and Attachments</u>. Since March 26, 2026, Relator has sought the standard metadata requested at the initial meet-and-confer on February 5, 2026, consistent with the District of Maryland's ESI Guidelines. Because of this failure, Relator lacks the original file names of more than 360 documents, and at least 60 documents are missing attachments.

v.    <u>AEO Over-designations</u>. 393 of the 425 documents in the Amentum Defendants' first production were designated attorneys' eyes only ("AEO") — including a document signed by Relator himself. The AEO designations are categorically overbroad and inherently suspect, and the designations persist and have only grown since then. Despite Relator's June 12 email including an explanation of why those designations cannot be justified, Amentum Defendants have refused to make any modifications.

When Relator has asked the Amentum Defendants to clarify their positions, they claim not to understand, asserting that Relator's statements are "fundamentally wrong" or "mischaracterizing" while declining to actually state a position or move the process forward. This pattern repeated, including on June 12, June 30, July 8, and July 14.

*B.  Dallas Aviation*

Dallas Aviation's first production, a single 1,196-page PDF without document-level unitization, load files, or metadata, does not comply with Rule 34 or the District's ESI Guidelines, as Relator explained in correspondence dated April 17, 21, and 30, 2026. On April 27, 2026, and July 14, 2026, Dallas Aviation produced a 20-page PDF and a 208-page PDF, respectively, without document-level unitization or metadata. Despite Relator's repeated requests, Dallas Aviation has yet to justify its overbroad AEO designations or produce most of the outstanding documents requested in the chart attached to Relator's May 8, 2026 email, including subcontracts, all invoices, all purchase orders, and associated documentation.

## II.    Relator Has Completed His Discovery Obligations

In contrast, Relator's document production is complete and he has addressed the minimal concerns Defendants raised concerning language used in responses and objections to their

LAW OFFICE OF
# MAX RODRIGUEZ

Relator's Position Statement, No. 1:25-cv-01477-SAG
July 15, 2026
Page 3 of 3

requests and interrogatories. For example, on June 7 and June 12, 2026, Relator provided comprehensive amended written responses addressing every issue the Amentum Defendants identified, provided a privilege log together with specific bases for his privilege or work-product assertions, and identified by Bates number certain documents per the Amentum Defendants' request. The Amentum Defendants have not raised any objections since these updates. Relator completed his document production on March 30, 2026 and April 24, 2026.

### III.  Settlement

The Amentum Defendants repeatedly emphasize that the remaining claims at issue involve limited potential damages. Relator has no desire to engage in unnecessary litigation if that is the case, but the Amentum Defendants have so far made resolution impossible. Relator proposed an early settlement conference. Defendants refused. Defendants refuse to produce the very documents that Relator needs to formulate a settlement demand. And each time Relator raises these issues, unfortunately the Amentum Defendants' response is counterproductive, including *ad hominem* attacks against Relator's counsel despite repeated requests to stop.

### IV.  Requested Revised Discovery Schedule

Judge Gallagher noted during the April 14, 2026, status conference that the original discovery schedule was "overly optimistic" despite Relator's diligence. For that reason, the schedule would be suspended pending consideration of the motion to compel and would need to be modified thereafter. ECF No. 117. The Court should order Defendants to promptly produce all outstanding documents requested and the requested search terms and hit counts. The Parties can then confer regarding any other outstanding issues and submit proposals for a new schedule.[3] Because of the Defendants' repeated production deficiencies, further stages of discovery (i.e., additional depositions and an expert report by Relator) have been impossible to complete.[4]

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Max Rodriguez*
Max Rodriguez

---

[3] Relator also requests that the Court provide for the possibility of further suspension or modification of deadlines if additional motion practice is required.

[4] Relator respectfully requests that disclosure of expert reports and expert depositions, if needed, are moved to a further phase after the completion of fact discovery. The Amentum Defendants' repeated refusal to comply with basic discovery obligations makes the original structure of the schedule (with expert discovery incorporated into the fact discovery schedule) impossible.