

July 15, 2026

Chelsea J. Crawford
United States Magistrate Judge
101 West Lomard Street
Baltimore, Maryland 21201
***Via CM/ECF***

      Re:    *Josephs v. Amentum Service, Inc.,* et al.,
               Case No. 1:25-cv-01477-SAG
               Plaintiff's Motion for Status Conference

Dear Judge Crawford,

Many of the discovery matters raised in Plaintiff's Motion for Status Conference, [Doc. 126] relate to disputes between Relator and the Amentum Defendants. *See e.g.*, Plaintiff's Motion for Status Conference, at p. 7.  On July 14, 2026, Dallas Aviation served a supplemental production containing the remaining documents requested during the parties' meet-and-confer process, specifically the Quantum notes relating to purchase orders that had previously been produced. Dallas Aviation believes that production resolves the outstanding documents identified during the parties' discovery conferences.

To the extent any issue remains, it concerns only Plaintiff's preferred form of production. Early in this litigation, the parties met and conferred regarding ESI and form of production. As specifically discussed with respect to Dallas Aviation, the parties agreed that Dallas Aviation—a small, veteran-owned business—would utilize a simplified production process rather than incur the expense of retaining an outside e-discovery vendor, and that productions would be Bates-labeled. Consistent with that agreement, Dallas Aviation collected responsive records, scanned its paper files into PDF format, Bates-labeled the documents, and produced them to Plaintiff. Plaintiff nevertheless continues to demand metadata that does not exist. Dallas Aviation maintains its business records in hard-copy format at its warehouse in Arlington, Texas. To respond to discovery, those paper records were retrieved from the warehouse, scanned into PDF format, reviewed by counsel, and produced. Because the documents originated as paper records, there is no native electronic metadata to produce.

Dallas Aviation has repeatedly explained these facts to Plaintiff's counsel. Dallas Aviation has also repeatedly offered Plaintiff the opportunity to inspect the original hard-copy records at the Arlington warehouse. Plaintiff has not accepted that offer, despite having traveled to Texas during discovery for a fact witness deposition and despite multiple opportunities to arrange such an inspection.

Plaintiff has also requested a declaration from Dallas Aviation regarding Dallas Aviation's email server failure and messaging subscriptions. In an effort to avoid unnecessary motion practice, Dallas Aviation has provided the requested declaration even though these topics are more appropriately addressed through written discovery or Rule 30(b)(6) deposition testimony.

Throughout discovery, Dallas Aviation has consistently worked in good faith to address Plaintiff's concerns without Court intervention. Dallas Aviation has participated in numerous meet-and-confer conferences, responded to Plaintiff's repeated requests for additional information, supplemented its document production where appropriate, provided an explanatory declaration at Plaintiff's request, and offered inspection of its original business records. Dallas Aviation does not believe there are significant outstanding discovery disputes that require judicial intervention as to Dallas Aviation.

Furthermore, Dallas Aviation has been willing to discuss resolution of this matter since the outset of the litigation. Given the relatively modest damages at issue compared to the substantial expense of continued litigation, Dallas Aviation would welcome a settlement conference or mediation before the assigned Magistrate Judge if the Court believes doing so would facilitate a resolution.

Very truly yours,

**KELLY DEAN HOLLINGSWORTH**
*Admitted pro hac vice*
**ALLISON H. LUTTRELL**
*Admitted pro hac vice*


**MIMS BALLEW HOLLINGSWORTH, PLLC**
301 Commerce Street, Suite 2040
Fort Worth, Texas 76102
Tel: (817) 900-8330
Fax: (817) 900-8339
service@familylaw-tx.com