UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ERIN ASLAN
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3555
MDD_EAchambers@mdd.uscourts.gov

September 8, 2026

To: Counsel of Record

Re: *Josephs* v. *Amentum Servs., Inc., et al.*
Civil Action No. SAG-25-1477
Settlement Conference Order

Dear Counsel:

Please be advised that an in-person settlement conference in the above-referenced case is scheduled for **Tuesday, December 15, 2026, at 9:30 a.m.** at the United States District Court for the District of Maryland in Baltimore, Maryland. The settlement conference is scheduled to last the entire day so participants should make arrangements accordingly.

**Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.**

## 1. General Guidelines for the Settlement Conference

***Settlement Authority.*** It is essential that the parties—or in the case of an entity, a representative of the party with complete authority to enter into a binding settlement—be present for the settlement conference. A person with complete authority is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. Attendance by the attorney for a party is not sufficient.[1]

***Privacy and Confidentiality.*** All attendees, including everyone who participates in this settlement conference in any manner, agree that all communications related to the mediation and all negotiations and settlement discussions are private and confidential. There is an absolute prohibition on audio or video streaming or recording any mediation or portion thereof.

[1] This requirement will be waived only upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be submitted at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstances.

***Inadvertent Privacy Failure.*** In the unlikely event that you are placed into what is meant to be a private and confidential space, including a virtual "breakout room," and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take corrective steps and report the issue to me.

**2. Mandatory Prerequisites for Participation in the Settlement Conference**

***Exchange of a Settlement Demand and Response.*** Prior to the submission of the parties' *ex-parte* letters discussed in greater detail below, the parties shall exchange written settlement demands/responses.

First, Plaintiff shall forward a written settlement demand to Defendant no later than one month prior to the settlement conference. Plaintiff's demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and an explanation of the asserted basis therefore.

Defendant shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant's response. If the Defendant intends to respond to the demand by offering nothing, that shall be expressly stated and the response must include an explanation for this position.

This correspondence between the parties shall be included with the *ex-parte* letters submitted to the Court.

**Failure to comply with this requirement may result in the postponement or continuation of the settlement conference.**

**Ex-Parte *Letters.*** No later than two weeks before the scheduled conference, each party must email to my Chambers (MDD_EAChambers@mdd.uscourts.gov) a short *ex-parte* letter—not to exceed five (5) pages—candidly discussing the areas outlined below.

1. Facts you believe you can prove at trial.

2. The principal strengths and weaknesses of your case, both factual and legal and citations to any relevant case law.

3. Reference to any pending motions that you believe would have a significant effect on settlement. Please include a copy of the motion(s) and highlight and tab the relevant portions.

4. An evaluation of the maximum and minimum damage awards you believe likely and an overview of the evidentiary support for the forecasted damage awards.

5. The history of any settlement negotiations to date.

6. An estimate of attorneys' fees and costs of litigation through trial.

7. The names and email addresses of the settlement conference attendees.

If your client will take the position in settlement discussions that a lack of financial resources will affect your client's ability to pay a judgment or settlement, you must provide a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgage or liens, and recent income tax information. Supporting documentation should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the *ex-parte* letter for the Court's review.

If you wish for me to review any deposition excerpts or exhibits, please attach a hard copy to your letter, highlighting the portions you wish for me to review. If the total number of pages of your submission (including the *ex-parte* letter and attachments) exceeds 15 pages, a hard copy of the submission should be mailed or hand delivered to the Clerk of the Court.

In addition, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.

If counsel believes that a joint or *ex-parte* telephone conference prior to the settlement conference would make the mediation more productive, please email my Chambers to make arrangements.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Erin Aslan
United States Magistrate Judge